## Exhibit A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 20-10343 (___)<br><br>Joint Administration Pending |
| BOY SCOUTS OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>A.A., *et al.*,[2]<br><br>           Defendants. | Adv. Pro. No. 20-50527 (___)<br><br>**Re: Docket No. ___** |

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 362 GRANTING THE BSA'S MOTION FOR A PRELIMINARY INJUNCTION

Upon consideration of the Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 of the Bankruptcy Code (the "Motion")[3] of the BSA, as above-captioned plaintiff (the "Plaintiff") in the adversary proceeding commenced by the Verified Complaint for Injunctive Relief (the "Complaint"), and as debtor and debtor in possession in the above-captioned chapter 11 cases, for entry of an order extending the stay to enjoin the prosecution of

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

[2] A full list of the Defendants in this adversary proceeding is included in redacted form on Exhibit A to the BSA's Verified Complaint for Injunctive Relief [Adv. D.I No. 1] to protect the privacy interests of abuse victims. An unredacted version of the Complaint and Exhibit A thereto will be served on each Defendant's counsel.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the Pending Abuse Actions pursuant to sections 105 and 362 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); the Court having reviewed and considered the Complaint, the Motion, the briefs, declarations and other documents filed in support of the Motion, all other evidence and argument submitted by the Plaintiff in support thereof, and all objections and replies thereto; and due and proper notice of the Motion having been given, and no other or further notice being necessary or required; and the Court having held a hearing; and after due deliberation and sufficient cause appearing therefor; the Court finds and concludes as follows:

A. The Plaintiff in this adversary proceeding is debtor the Boy Scouts of America (the "BSA"). The Defendants in this adversary proceeding are those parties listed in the "Underlying Plaintiffs" column of Exhibit A to the Complaint. The Defendants are all plaintiffs in lawsuits that seek to hold the BSA or the BSA Related Parties liable in actions that include claims and/or causes of action arising out of the plaintiffs' involvement or connection with the BSA.

B. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), the BSA confirms its consent to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter final order or judgments consistent with Article III of the United States Constitution. Venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. This Court's failure to grant preliminary injunctive relief would result in irreparable harm to the BSA. The BSA has demonstrated that the continued prosecution of the Pending Abuse Actions would deplete valuable estate assets otherwise distributable to creditors, including Defendants, as a result of substantial shared insurance policies covering the BSA and the BSA Related Parties, as well as significantly divert the BSA from the essential bankruptcy proceedings by requiring it to concurrently participate in or otherwise address discovery, other pretrial proceedings, and/or trials, all to the substantial detriment of the BSA and its estate. Furthermore, the BSA has demonstrated that any harm to the Defendants' ability to pursue remedies as a result of a stay is outweighed by the irreparable harm the BSA will suffer in the absence of the requested preliminary injunctive relief.

D. Accordingly, this Court finds it appropriate to enter a preliminary injunction pursuant to Bankruptcy Rule 7065.

E. The legal and factual bases set forth in the Complaint, the Motion, the briefs and declarations in support thereof, other supporting papers, and at the hearing establish just cause for the relief granted herein.

Based on these findings, **IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is GRANTED as set forth herein.

2. Defendants are prohibited and enjoined from filing or continuing to prosecute any action or claims against the BSA or the BSA Related Parties arising out of any Defendant's involvement or connection with the BSA, including the actions reflected in the Exhibit A attached to the Complaint, with respect to the BSA and the BSA Related Parties identified in Exhibit B to the Complaint, until August 17, 2020 (180 days from the Petition Date) (such period, as may be extended by order of this Court, the "Stay Period"). Any applicable deadline

for any action, including, without limitation, the filing of any answer or responsive pleadings, in any Pending Abuse Action is hereby tolled for the duration of the Stay Period. For the avoidance of doubt, upon the expiration of the Stay Period, any action, including the filing of an answer or responsive pleading, to be taken in any Pending Abuse Action which was tolled as a result of the relief granted herein shall be filed and served (i) twenty-one (21) days following the expiration of the Stay Period, or (ii) within the amount of time remaining under the rules and orders applicable in any such Pending Abuse Action on the date the Stay Period commenced, whichever is greater.

3. This Order shall be promptly filed in the clerk's office and entered into the record.

4. The BSA is authorized to take all actions necessary or appropriate to carry out this Order.

5. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.


Dated: _____ \_, 2020
       Wilmington, Delaware

                                       THE HONORABLE _____
                                       UNITED STATES BANKRUPTCY JUDGE