# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA and DELAWARE BSA, LLC,<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 20-10343-LSS<br><br>Jointly Administered |
| BOY SCOUTS OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>A.A., *et al*.,,<br><br>　　　　　　Defendants. | Adv. Pro. No. 20-50527-LSS |

### RONALD HERNANDEZ HUNTER'S OPPOSITION TO
### THE BSA'S MOTION FOR A PRELIMINARY INJUNCTION
### PURSUANT TO SECTIONS 105(A) AND 362 OF THE BANKRUPTCY CODE

| | |
|---|---|
| **THE ROSNER LAW GROUP LLC**<br>Frederick B. Rosner (DE 3995)<br>Scott J. Leonhardt (DE 4885)<br>Jason A. Gibson (DE 6091)<br>824 N. Market St., Suite 810<br>Wilmington, Delaware 19801<br>Tel: (302) 777-1111 | **EMERY CELLI BRINCKERHOFF & ABADY LLP**<br>Debra Greenberger<br>David A. Lebowitz<br>600 Fifth Avenue, 10th Floor<br>New York, New York 10020<br>Tel: (212) 763-5000 |

{00027719. }

Ronald Hernandez Hunter, Plaintiff in *Hunter v. Boy Scouts of America*, No. 20 Civ. 315 (E.D.N.Y.) and a Defendant in the above-referenced adversary proceeding, submits this brief in opposition to the Boy Scouts of America's ("BSA") motion for a preliminary injunction.

**ANY STAY AS AGAINST THE RELATED ENTITIES SHOULD BE OF LIMITED DURATION AND REQUIRE PRELIMINARY DISCLOSURES TO CREDITORS**

The BSA's request for a 180-day stay of all abuse-related lawsuits against any of its local councils, chartered organizations, or other related parties—most or all of whom have not filed for bankruptcy—is overbroad and unsupported.  The request is particularly audacious because it seeks this sweeping injunction without committing to a single date certain for *any* progress in its Chapter 11 proceeding.

The stated goals of the BSA's motion—to facilitate the swift and equitable compensation for victims and avoid the depletion of assets that could otherwise be made available to satisfy claims—are salutary.  However, those goals are unlikely to be served by an indefinite stay of all abuse actions against all culpable parties, with no concrete and specific corresponding commitment to move this proceeding forward during the pendency of the stay. Accordingly, any initial preliminary injunction should be of limited duration and should be accompanied by an order requiring the BSA to make disclosures to its creditors and to the Court that will allow for a meaningful assessment of the need for any ongoing stay of actions against related entities.

**First**, the BSA should be required to immediately disclose any insurance policies held by the related entities that the BSA asserts could be made available to help satisfy victims' claims.  The BSA's motion is premised in substantial part on its assertion that the non-debtor BSA Related Parties "share from the same insurance policies," BSA Br. at 43, but it is impossible to meaningfully test that assertion without access to any underlying policies held by

{00027719. }                                              1

the related entities. *See In re Combustion Engineering, Inc.*, 391 F.3d 190, 222-23 (3d Cir. 2004) ("Courts finding 'related to' jurisdiction over claims against non-debtors based in part on shared insurance policies have relied not only on extensive record findings regarding the terms and operation of the subject policies, but also on additional evidence of automatic liability against the debtor."). The BSA should not be able to obtain relief for non-bankrupt entities on the basis of assertions about their insurance coverage without disclosing the underlying policies to creditors and the Court.

**Second**, the BSA should be required to immediately clarify the availability of the related entities' assets to satisfy abuse claims that are to be administered through the bankruptcy process. The BSA's motion urges the Court to extend litigation protections to related non-debtor third parties because the national organization allegedly shares "an identity of interest" with the local councils and chartered organizations, and claims against the BSA and the related entities are "inextricably intertwined." BSA Br. at 40-41. Yet notably absent from the BSA's submissions is any reassurance that these third parties will contribute in any way to victims' compensation in the course of the BSA's reorganization. The Court should not gratuitously extend the protections of the automatic stay to non-debtor third parties without any assurance that they will contribute their assets to resolve creditors' claims.

This concern is particularly acute in the numerous cases against the Greater New York Councils ("GNYC")—a defendant in Mr. Hunter's underlying tort action—that BSA now seeks to enjoin in their entirety. Since the prospect of BSA's bankruptcy began to receive media attention, the GNYC has gone out of its way to assure the public that "GNYC finances are

{00027719. }                                                    2

completely independent of the national organization and are in no way subject to its financial issues."[1]  GNYC has further proclaimed:

> GNYC does not rely on, or receive, any funding from the BSA national organization. GNYC's fiscal health, program quality, and volunteer dedication are very strong. While we continue to monitor the national situation, the oversight and control for our organization will continue to rest entirely with GNYC and its Board of volunteers, and our mission will continue unchanged . . . .[2]

Such statements call into question the BSA's assertions that "claims against the BSA Related Parties are, in effect, claims against the BSA's estate," BSA Br. at 41, and militate strongly in favor of the Court requiring the BSA to clarify the status of the related entities' assets with respect to the claims of creditors in this proceeding—including by representing that GNYC *agrees* that its assets are available—before uncritically extending the automatic stay to claims against them.

**Third**, the Court should require that the BSA propose a detailed schedule setting forth dates certain by which it will adhere to the numerous vague and abstract commitments contained in its filings (e.g. the creation of an electronic data room with information about the BSA's and Local Councils' assets, the creation of an ad hoc committee of local councils, the engagement of a representative for future abuse claimants, the filing of mediation-related proposals, and the transfer of pending actions to the District of Delaware).  *See* BSA Br. at 4-5. If the BSA is to obtain the extraordinary relief of a nationwide injunction staying all lawsuits against non-bankrupt entities, it should be accountable to explain precisely how it will use the breathing spell to meaningfully advance its reorganization and make progress toward compensating victims.

---

[1] *See* https://nycscouting.org/financialstatus/.
[2] *Id.*

**Fourth,** any injunction should be far shorter than 180 days. The survivors have waited years for justice. The BSA should not be able to stay hundreds of cases around the country for six months without close Court supervision of its progress. A far shorter injunction of 45 days, with the Court reserving the power to extend the stay upon a showing by the Debtors of meaningful progress during the injunction period, would be far more appropriate.

In light of the foregoing, Ronald Hernandez Hunter respectfully requests that the Court limit any preliminary "breathing spell" injunction to 45 days, and require the BSA, within 30 days, to (a) disclose any insurance policies held by the related entities that the BSA asserts could be made available to help satisfy victims' claims; (b) immediately clarify the availability of the related entities' assets to satisfy abuse claims at issue in this proceeding; and (c) file a proposed schedule for completing the specific steps the BSA has proposed to expedite the reorganization process.

| | |
|---|---|
| Dated: March 3, 2020<br>      Wilmington, Delaware | **THE ROSNER LAW GROUP LLC**<br><br>*/s/ Jason A. Gibson*<br>Frederick B. Rosner (DE 3995)<br>Scott J. Leonhardt (DE 4885)<br>Jason Gibson (DE 6091)<br>824 Market Street, Suite 810<br>Wilmington, Delaware 19801<br>Tel: (302) 777-1111<br>Email: leonhardt@teamrosner.com<br>         gibson@teamrosner.com<br><br>and<br><br>EMERY CELLI BRINCKERHOFF<br>& ABADY LLP<br>Debra Greenberger (*pro hac vice* pending)<br>David A. Lebowitz (*pro hac vice* pending)<br>600 Fifth Avenue, 10th Floor<br>New York, New York 10020<br>Tel: (212) 763-5000<br>Email: dgreenberger@ecbalaw.com<br>         dlebowitz@ecbalaw.com<br><br>*Attorneys for Ronald Hernandez Hunter* |