# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |
| BOY SCOUTS OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>A.A., *et al.*<br><br>Defendants. | Adv. Pro. No. 20-50527 (LSS)<br><br>**Related Adv. Docket Nos. 6, 7, 25** |

### DEFENDANT JANE DOE'S OBJECTION TO THE BSA'S MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE AND JOINDER IN OBJECTION OF DEFENDANTS A.S., B.L., C.F., E.B., F.A., K.W., AND N.C. TO SAME

Defendant and sexual abuse survivor Jane Doe, by and through her undersigned counsel, objects (the "**Objection**") to the BSA's Motion for a Preliminary Injunction Pursuant to Section 105(a) and 362 of the Bankruptcy Code (Adv. Docket No. 6) (the "**Motion**") and joins (the "**Joinder**") in the First Memorandum in Opposition to the Motion of Defendants A.S., B.L., C.F., E.B., F.A., K.W. and N.C. to the Motion (Adv. Docket No. 25) (the "**Kentucky Abuse Victims' Opposition**").[2] In support of the Motion and Joinder, Jane Doe adopts the legal

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving TX 75038.

[2] Capitalized terms not otherwise defined herein shall the meanings ascribed to such terms in the Kentucky Abuse Victims' Opposition.

arguments set forth in the Kentucky Abuse Victims' Opposition, and respectfully states as follows:

## BACKGROUND

**A.   The Chapter 11 Cases**

1. On February 18, 2020 (the "**Petition Date**"), the Plaintiff in the above-captioned adversary proceeding (the "**Adversary Proceeding**"), along with its affiliate Delaware BSA, LLC, filed for bankruptcy protection under chapter 11 of 11 U.S.C. §§ 101-1532 (as amended and applicable hereto, the "**Bankruptcy Code**"), thereby instituting the above-captioned, jointly administered bankruptcy cases (collectively, the "**Bankruptcy Cases**").

2. On that same date, the Plaintiff filed a verified complaint (Adv. Docket No. 1) (the "**Sealed Complaint**"). The Plaintiff subsequently filed a redacted version of the Sealed Complaint (Adv. Docket No. 14) (the "**Redacted Complaint**").

3. Through the Sealed Complaint, the Plaintiff seeks a preliminary injunction, to last for one hundred and eighty (180) days from its issuance, that would improperly extend the automatic stay under Bankruptcy Code section 362 to approximately three hundred and forty-two (342) non-Debtor parties (collectively, the "**BSA Related Parties**") and further delay compensation to abuse victims in two hundred and eighty-five (285)[3] separate actions filed by such abuse victims in federal, territorial, and state courts for 24 states (none of which states are Delaware) and the territory of Guam. *See* Redacted Complaint Ex. A, Ex. B.

4. In the Redacted Complaint, the Plaintiff alleges that it filed the Bankruptcy Cases "to achieve the dual objective of (a) equitably compensating victims of abuse

---

[3]   The Plaintiff argues that there are two hundred and seventy-five (275) such pending cases, but Exhibit A to the Redacted Complaint lists two hundred and eighty-five such cases. *See* Redacted Complaint, Exhibit A.

2

in Scouting and (b) ensuring that the BSA emerges from bankruptcy with the capability to continue carrying out its vital charitable mission." *Id.* ¶ 26.

5. On the Petition Date, the Debtors also filed a Plan of Reorganization (Bankruptcy Docket No. 20) (the "**Plan**") and accompanying disclosure statement (Bankruptcy Docket No. 21) (the "**Disclosure Statement**").

6. Noticeably absent from either of the Plan or the Disclosure Statement are estimated recoveries for victims of sexual abuse, like Jane Doe, or any indication of funds or assets that will be available to satisfy the claims of such victims. Instead, the Debtors have filed a motion seeking to appoint a mediator and compel certain parties to attend such mediation.

7. Rather than an attempt to resolve efficiently the claims of sexual abuse victims, the Motion, the Sealed Complaint, and the bankruptcy cases (and the filings therein) appear to be another attempt by the Plaintiff to delay recoveries and protect non-Debtors and, most importantly for the Plaintiff, their assets, which assets should be used to satisfy the claims of sexual abuse victims.

**B.    Jane Doe's Abuse Case**

8. On January 18, 2019, Jane Doe filed a complaint (the "**Original Connecticut Complaint**") in the Fairfield Judicial Superior Court for the State of Connecticut (the "**Connecticut State Court**"). Jane Doe subsequently revised the Original Connecticut Complaint on May 24, 2019, and again on June 27, 2019 (as amended the "**Amended Connecticut Complaint**"). A true and correct copy of the Amended Connecticut Complaint is attached hereto as Exhibit A.

3

9. Through the Amended Connecticut Complaint, Jane Doe, a resident of Connecticut,[4] seeks compensation for the repeated sexual assaults she suffered while a minor and a member of Trumbull Police Cadets Post 659, a Police Explorer Program promoted, facilitated and administered by Learning for Life, a defendant named in the Amended Connecticut Complaint and one of the 342 BSA Related Parties that the Plaintiff improperly seeks to shield through the Motion, and the Boy Scouts of America Corporation, also a defendant named in the Amended Connecticut Complaint.

10. Among other things in responding to discovery in the Connecticut State Court, the Plaintiff has asserted, through verified responses filed under oath, that "BSA states that it has no relationship and/or affiliation with the defendant Town of Trumbull." Defendant Boy Scouts of America Corporation's Responses to Plaintiff's Interrogatories and Requests for Production, a true and correct copy of relevant portions of which is attached hereto as Exhibit B, at Response to Interrogatory 5.

11. As of the Petition Date, the Amended Connecticut Complaint remained pending in the Connecticut State Court, discovery was underway, and a trial had been scheduled for May 4, 2021.

12. On the Petition Date, the Defendant removed the pending action from the Connecticut State Court to the United States Bankruptcy Court for the District of Connecticut (the "**Connecticut Bankruptcy Court**").

13. As of the filing of this Objection and Joinder, the matter remains before the Connecticut Bankruptcy Court, case number 20-05004 (JAM).

---

[4] By this Objection and Joinder, Jane does not waive and expressly reserves all of her rights and defenses with respect to the Motion and the Sealed Complaint, including that this Court lacks personal jurisdiction with respect to her and the Connecticut Complaint.

14. On March 3, 2020, the Plaintiff filed its motion for an order under 28 U.S.C. §§ 157(b)(5) and 1334(b) fixing venue of the Pending Abuse Actions in the United States District Court for the District of Delaware (the "**Nationwide Transfer Motion**"), in the United States District Court for the District of Delaware (the "**Delaware District Court**"), which matter is pending before the Delaware District Court as Case No. 1:20-mc-00078-RGA. By motion in the Delaware District Court, the Debtors have requested that such Court stay any further briefing on the Nationwide Transfer Motion, and instead hold a status conference after the hearing on this Motion.

## OBJECTION AND JOINDER

15. Jane Doe objects to the relief requested by the Plaintiff through the Motion and respectfully requests that the Court deny the Motion. Jane Doe agrees with the legal arguments set forth in the Kentucky Abuse Victims' Opposition and expressly adopts and incorporates such arguments as if set forth fully herein. Moreover, with respect to at least one of the defendants named in the Amended Connecticut Complaint, the Plaintiff has admitted that it has no relationship with the Town of Trumbull. Nonetheless, the Plaintiff has included the Town of Trumbull among the BSA Related Parties.

16. Granting the relief requested in the Motion will not further the laudable goal of equitably compensating the survivors of sexual abuse suffered while engaged in Scouting. Instead, entry of the preliminary injunction requested by the Plaintiff would serve only to delay the resolution of Jane Doe's personal injury claims and her recovery on such claims from non-debtor parties that would not otherwise be entitled to the protection afforded by Bankruptcy Code section 362. For the reasons set forth herein and in the Kentucky Abuse Victims' Opposition, there, the Motion should be denied.

17. Jane Doe expressly reserves all of her rights to join in any other objections to the Motion that may be filed, to amend or otherwise supplement this Objection, to seek discovery from the Plaintiff, and to present additional arguments at the hearing on the Motion.

WHEREFORE, Jane Doe respectfully requests that the Court enter an order denying the Motion and granting her such other and further relief as is appropriate under the circumstances.

Dated: March 11, 2020
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

/s/ *Mark L. Desgrosseilliers*

Mark L. Desgrosseilliers (No. 4083)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Email:    desgross@chipmanbrown.com

-and-

Cindy L. Robinson
Doug Mahoney
Tremont Sheldon Robinson Mahoney P.C.
64 Lyon Terrace
Bridgeport, CT 06604
Telephone: (203) 335-5145
Email: crobinson@tremontsheldon.com
           dmahoney@tremontsheldon.com

*Counsel to Jane Doe*