**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In the Matter of:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>                Debtors. | Case No. 20-10343 (LSS) |
| BOY SCOUTS OF AMERICA,<br><br>                Plaintiff,<br><br>v.<br><br>A.A., *et. al.,*<br><br>                Defendants. | Adv. Pro. No. 20-50527 (LSS)<br><br>**Related Docket Nos. 6, 7, 25** |

**DEFENDANTS R.L. and C.L., HIS WIFE'S OBJECTION TO BSA'S MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE AND JOINDER TO OBJECTION OF DEFENDANTS A.S., B.L., C.F., E.B., F.A., K.W., AND N.C. TO SAME**

Defendants, R.L. and C.L., his wife ("**Defendants**") by and through their undersigned counsel hereby object to Boy Scouts of America's ("**BSA**") Motion for a Preliminary Injunction Pursuant to §§105(a) and 362 of the Bankruptcy Code (Adv. Docket No. 6) (the **"Motion"**) and joins (the **"Joinder"**) the First Memorandum in Opposition to the Motion of Defendants A.S., B.L., C.F., E.B., F.A., K.W. and N.C. to the Motion (Adv. Docket No. 25) (the **"Kentucky Abuse Victims' Opposition"**)[1]. In support of the Objection and Joinder, Defendants adopts and sets forth

---

[1] Capitalized terms herein shall have the same meanings ascribed to them in the Kentucky Abuse Victims' Opposition unless otherwise noted.

as if fully set forth herein at length the legal arguments set forth in the Kentucky Abuse Victims'' Opposition.

## JOINDER

1. On February 18, 2020 (the "**Petition Date**"), the Plaintiff in the above- captioned adversary proceeding (the "**Adversary Proceeding**"), along with its affiliate Delaware BSA, LLC, filed a voluntary petition for bankruptcy relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

2. On the Petition Date BSA also filed a verified complaint (Adv. Docket No. 1) (the "**Sealed Complaint**"). The Plaintiff subsequently filed a redacted version of the Sealed Complaint (Adv. Docket No. 14) (the **"Redacted Complaint"**).

3. Among other things, BSA is seeking a preliminary injunction which will last one hundred and eighty (180) days from its issuance, that would extend the automatic stay to approximately three hundred and forty-two (342) non-Debtor parties (collectively, the "**BSA Related Parties**"), and frustrate abuse victims such as R.L. in approximately three hundred (300) separate actions filed by such abuse victims in federal, territorial, and state courts for 24 states (none of which state court are located in are Delaware) and the territory of Guam.

4. R.L is an abuse victim, who along with his wife filed a complaint in the Superior Court of New Jersey (ESX-L-1690-20)(the "**State Court Action**"). On or about February 28, 2020, BSA filed a Notice of Removal Pursuant to 28 U.S.C. §1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure, with the United States District Court for the District of New Jersey, whereby it removed the State Court Action to federal court.

5. On March 3, 2020, the Plaintiff filed its motion for an order pursuant to 28 U.S.C. §§ 157(b)(5) and 1334(b) fixing venue of the Pending Abuse Actions in the United States District

Court for the District of Delaware (the **"Nationwide Transfer Motion"),** in the United States District Court for the District of Delaware (the **"District Court"**)(Case No. 1:20-mc-00078-RGA). The Debtors have requested that the District Court stay any further briefing relative to the Nationwide Transfer Motion, and have requested that the District Court hold a status conference after the hearing regarding the Motion is conducted.

6. Defendants object to the relief sought in the Motion and adopt and reiterate as if set forth herein at length, the legal arguments advanced in the Kentucky Abuse Victims' Opposition.

7. To the extent not inconsistent with this Joinder, Defendants reserve their right to join any other objections that may be filed in response to the Motion, to seek discovery from Plaintiff and to present additional arguments at the time of the hearing.

**WHEREFORE**, R.L and C.L., his wife respectfully request that the Court enter an order denying the Motion and granting them such other and further relief as is appropriate.

Dated: March 16, 2020         **JOHN R. WEAVER, JR., P.A**.

By: /s /*John R. Weaver, Jr.*
John R. Weaver, Jr.

831 N. Tatnall Street, Suite 200
Wilmington, Delaware 19801
(302) 428-1077 (main)
(302) 655-7371 (direct)
jrweaverlaw@verizon.net

and

**STARK & STARK, P.C.**
Joseph H. Lemkin, Esq.
993 Lenox Drive
Lawrenceville, NJ 08648
(609) 791-7022 (direct)
(609) 896-9060 (main)
(609) 895-7395 (facsimile)
Attorneys for Defendants, R.L. and C.L., his wife

4850-9690-4375, v. 2