# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,<br>Debtors. | Chapter 11<br>Case No. 20-10343 (LSS) |
| BOY SCOUTS OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>A.A., et al.,<br>Defendants. | Adv. Proc. No. 20-50527 (LSS) |

### LG 37 DOE'S ANSWER TO PLAINTIFF'S VERIFIED
### COMPLAINT FOR INJUNCTIVE RELIEF

Comes now Defendant, LG 37 DOE, as and for his Answer to the Plaintiffs' Verified Complaint for Injunctive Relief, states and alleges as follows:

## ANSWER

1. LG 37 DOE denies the allegations contained in paragraph 1.

2. LG 37 DOE denies the allegations contained in paragraph 2.

3. LG 37 DOE denies the allegations contained in paragraph 3.

4. LG 37 DOE denies the allegations contained in paragraph 4.

5. LG 37 DOE denies the allegations contained in paragraph 5.

6. LG 37 DOE denies the allegations contained in paragraph 6.

7. LG 37 DOE denies the allegations contained in paragraph 7.

8. LG 37 DOE denies the allegations contained in paragraph 8.

9. LG 37 DOE denies the allegations contained in paragraph 9.

10. LG 37 DOE denies the allegations contained in paragraph 10.

11. LG 37 DOE denies the allegations contained in paragraph 11.

12. LG 37 DOE denies the allegations contained in paragraph 12.

13. LG 37 DOE admits the allegations contained in paragraph, in so far, as they relate to the BSA being a congressionally charted organization; LG 37 DOE otherwise denies any and all other allegations in paragraph 13.

14. LG 37 DOE admits the allegations contained in paragraph 14 in so far as they relate to the Local Councils being separately incorporated; LG 37 DOE otherwise denies any and all other allegations in paragraph 14.

15. LG 37 DOE lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore, deny the same.

16. LG 37 DOE, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore, deny the same.

17. LG 37 DOE denies the allegations contained in paragraph 17.

18. LG 37 DOE denies the allegations contained in paragraph 18.

19. LG 37 DOE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19, and therefore deny the same.

20. LG 37 DOE, lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20, and therefore deny the same.

21. LG 37 DOE denies the allegations contained in paragraph 21.

22. LG 37 DOE denies the allegations contained in paragraph 22.

3817431.1.066580.0001

23. LG 37 DOE denies the allegations contained in paragraph 23.

24. LG 37 DOE denies the allegations contained in paragraph 24.

25. LG 37 DOE, upon information and belief, admits the allegations contained in paragraph 25.

26. LG 37 DOE denies the allegations contained in paragraph 26.

27. LG 37 DOE denies the allegations contained in paragraph 27.

28. LG 37 DOE reasserts his answers to paragraphs 1-27 as if fully set forth herein.

29. LG 37 DOE denies the allegations contained in paragraph 29.

30. LG 37 DOE denies the allegations contained in paragraph 30.

31. LG 37 DOE states that paragraph 31 contains legal conclusions to which no response is required. To the extent a response is necessary, LG 37 DOE denies the allegations contained in paragraph 31.

32. LG 37 DOE states that paragraph 32 contains legal conclusions to which no response is required. To the extent a response is necessary, LG 32 DOE denies the allegations contained in paragraph 32.

33. LG 37 DOE denies the allegations contained in paragraph 33.

34. LG 37 DOE denies the allegations contained in paragraph 34.

35. LG 37 DOE denies the allegations contained in paragraph 35.

36. LG 37 DOE denies the allegations contained in paragraph 36.

37. LG 37 DOE denies the allegations contained in paragraph 37.

38. LG 37 DOE denies the allegations contained in paragraph 38.

39. LG 37 DOE denies the allegations contained in paragraph 39.

40. LG 37 DOE denies the allegations contained in paragraph 40.

41. LG 37 DOE denies the allegations contained in paragraph 41.

3817431, 1, 066580 0001

42. LG 37 DOE denies the allegations contained in paragraph 42.

43. LG 37 DOE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43.

44. LG 37 DOE is the Plaintiff in an action commenced in New York State Supreme Court pursuant to remedial statutes reviving time barred sexual assault claims against child victims.

45. Debtor, Boys Scouts of America is one of the named Defendants.

46. There are two other named Defendants which are as follows: Douglas Nail-the individual child molester and Greater Niagara Frontier Council, Inc., Boy Scouts of America.

47. Both other named Defendants are located exclusively within the State of New York; one is a New York resident and the other is a New York State Corporation. (Attached hereto, made part hereof and designated **Exhibit A** is a copy of the Summons and Complaint in the New York State Supreme Court action).

## AFFIRMATIVE AND OTHER DEFENSES

### AS AND FOR A FIRST DEFENSE

This Court lacks jurisdiction over LG 37 Doe.

### AS AND FOR A SECOND DEFENSE

This Court lacks jurisdiction over the claims against the Greater Niagara Frontier Council, Inc. (which Debtor Plaintiff, Boy Scouts of America, claims is a "BSA related Party").

### AS AND FOR A THIRD DEFENSE

This Court lacks jurisdiction over the individual child molester, one of the Defendants in the pending New York State action.

### AS AND FOR A FOURTH DEFENSE

This Court is the improper venue for addressing claims against the Greater Niagara Frontier Council, Inc. (which Debtor Plaintiff, Boy Scouts of America, claims is a "BSA related Party") and Douglas Nail.

## AS AND FOR A FIFTH DEFENSE

The Greater Niagara Frontier Council, Inc., Boy Scouts of America is not a party to this action. Douglas Nail is not a party to this action. Any injunctive relief in favor of co-defendants in the New York State Supreme Court action impairs the right of LG 37 DOE to proceed against those non-bankrupt individuals or entities.

## AS AND FOR A SIXTH DEFENSE

Plaintiff failed to properly serve LG 37 Doe under the Federal Rules of Bankruptcy.

## AS AND FOR A SEVENTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, under the applicable statute of limitations.

## AS AND FOR AN EIGHTH DEFENSE

LG 37 Doe reserves the right to assert any affirmative defenses available under the Federal Rules of Bankruptcy, Federal Rules of Civil Procedure, or other applicable law, not specifically set forth herein and cannot be determined until LG 37 Doe has had the opportunity to conduct discovery, LG 37 Doe incorporates all such defenses as if fully set forth herein.

## AS AND FOR A NINTH DEFENSE

Plaintiff fails to state a claim upon which relief can be granted. Plaintiffs seek injunctive relief against parties outside the jurisdiction of this Court. Because this Court has no power to grant the requested relief, this Court should dismiss Plaintiff's claim with prejudice.

## AS AND FOR A TENTH DEFENSE

Plaintiffs failed to join necessary parties, collectively referred to as the BSA Related parties.

## AS AND FOR AN ELEVENTH DEFENSE

LG 37 DOE asserts all of the affirmative defenses contemplated by Rule 8 of the Federal Rules of Civil Procedure and Rule 7008 of the Federal Rules of Bankruptcy.

**WHEREFORE**, LG 37 DOE requests an order of the Court as follows:

1. Dismissing Plaintiff's Verified Adversary Complaint as to LG 37 DOE with prejudice and on the merits;

2. Awarding LG 37 DOE reasonable costs and related to his defense herein; and

3. For such other and further relief as the Court may deem just and equitable under the circumstances.

DATED:   March 19, 2020

                                                Respectfully submitted,

                                                */s/ Richard P. Weisbeck, Jr.*
                                                Richard. P. Weisbeck, Jr., Esq.
                                                (*pro hac vice application to be submitted*)
                                                **LIPSITZ GREEN SCIME CAMBRIA LLP**
                                                *Attorneys for Defendant, LG 37 DOE*
                                                42 Delaware Avenue, Suite 120
                                                Buffalo, New York 14202
                                                Phone: (716) 849-1333
                                                E-mail: rweisbeck@lglaw.com

# EXHIBIT A

FILED: ERIE COUNTY CLERK 12/03/2019 12:43 PM          INDEX NO. 816082/2019
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 12/03/2019

STATE OF NEW YORK
SUPREME COURT  :  COUNTY OF ERIE

---

LG 37 DOE

                                      Plaintiff,

vs.                                                                                              **SUMMONS**

DOUGLAS NAIL
190 S. Bryant Street
Depew, New York 14043

GREATER NIAGARA FRONTIER
COUNCIL, INC., BOY SCOUTS
OF AMERICA
2860 Genesee Street
Buffalo, New York 14225

BOY SCOUTS OF AMERICA
1325 Walnut Hill Lane, S 406
Irving, Texas 75038

                                      Defendants.

---

TO THE ABOVE NAMED DEFENDANTS:

      YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on the Plaintiff's Attorneys within TWENTY (20) DAYS after the service of this Summons, exclusive of the day of service (or within THIRTY (30) DAYS after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

      Erie County is designated as the place of trial on the basis on the Defendant's place of business located in Depew, New York.

DATED:      Buffalo, New York
                  December 2, 2019            LIPSITZ GREEN SCIME CAMBRIA LLP

                                                          By: _____
                                                            RICHARD P. WEISBECK, JR., ESQ.
                                                             CHRISTINA M. CROGLIO, ESQ.
                                                             Attorneys for Plaintiff
                                                             42 Delaware Avenue, Suite 120
                                                             Buffalo, New York 14202-3924
                                                             (716) 849-1333
                                                             [RPW: # 66580.0001]

FILED: ERIE COUNTY CLERK 12/03/2019 12:43 PM                    INDEX NO. 816082/2019
NYSCEF DOC. NO. 1                                               RECEIVED NYSCEF: 12/03/2019

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

LG 37 DOE

                Plaintiff,

vs.                                                             **COMPLAINT**

DOUGLAS NAIL,
GREATER NIAGARA FRONTIER
COUNCIL, INC., BOY SCOUTS OF AMERICA, and
BOY SCOUTS OF AMERICA,

                Defendants.

---

    Plaintiff, above named, by his attorneys, LIPSITZ GREEN SCIME CAMBRIA LLP, for his Complaint against Defendants, alleges:

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS, ABOVE NAMED, HEREIN, PLAINTIFF, LG 37 DOE, ALLEGES AS FOLLOWS:

1.     Plaintiff, LG 37 DOE, is a resident of the State of New York.

2.     This action is commenced pursuant to the provisions of the Child Victims Act.

3.     At the time of the incidents set forth herein, Plaintiff, LG 37 DOE, (hereinafter referred to as "THE CHILD") was an infant having been born in 1972.

4.     Upon information and belief, at all times herein mentioned, Defendant, GREATER NIAGARA FRONTIER COUNCIL, INC., BOY SCOUTS OF AMERICA, was and still is a domestic not-for-profit corporation duly organized and existing under and by virtue of the laws of the State of New York and maintains an office for the transaction of business located within the County of Erie and State of New York.

5.     Upon information and belief, at all times hereinafter mentioned, Defendant, BOY SCOUTS OF AMERICA, was and is a federally chartered corporation authorized to

3714001.1.066580.0001

FILED: ERIE COUNTY CLERK 12/03/2019 12:43 PM          INDEX NO. 816082/2019
NYSCEF DOC. NO. 1                                     RECEIVED NYSCEF: 12/03/2019

transact business in the State of New York. Its principal headquarters is located in Irving, Texas.

6. Defendants GREATER NIAGARA FRONTIER COUNCIL, INC., BOY SCOUTS OF AMERICA and BOY SCOUTS OF AMERICA, are hereinafter collectively referred to as "BOY SCOUTS OF AMERICA."

7. The BOY SCOUTS OF AMERICA markets itself as a youth organization with a stated mission "to prepare young people to make ethical and moral choices over their lifetimes by instilling in them the values of the Scout Oath and Scout Law."

8. Despite its stated mission, the BOY SCOUTS OF AMERICA organized its youth programs so as to create a pedophile paradise ideal for child molesters acting as Scout Masters to commit sexual assaults and sexual crimes upon infant children.

9. Upon information and belief, Defendant, DOUGLAS NAIL (hereinafter referred to as "THE CHILD MOLESTER") resides in the Village of Depew and State of New York.

10. Upon information and belief, at all times herein mentioned, THE CHILD MOLESTER was appointed to a position by the BOY SCOUTS OF AMERICA conferring upon THE CHILD MOLESTER the title "Scout Master."

11. Upon information and belief, at all times herein mentioned, the CHILD MOLESTER was assigned to Boy Scouts of America Troop 565 as a Scout Master by Defendant, BOY SCOUTS OF AMERICA, and was acting as its agent, employee and/or representative.

12. Upon information and belief, at all times herein mentioned, THE CHILD MOLESTER was under the direction, supervision and control of Defendant, BOY SCOUTS OF AMERICA.

13. At times hereinafter mentioned, THE CHILD was a member of Boy Scouts of America Troop 565.

14. Beginning in or about 1983, and continuing through sometime in or about 1987, the CHILD MOLESTER sexually assaulted and committed battery upon THE CHILD at and during Boy Scout events and other locations. The sexual assaults and battery constituted sexual offenses as defined in Article 130 of the Penal Law.

15. The sexual crimes committed by THE CHILD MOLESTER herein were willful, malicious and intentional and resulted in injury to THE CHILD.

16. As a direct result of conduct by THE CHILD MOLESTER as described herein, THE CHILD, has suffered, and continues to suffer great physical and emotional pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, flashbacks, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life, was prevented and will continue to be prevented from performing daily activities and obtaining full enjoyment of life, and has incurred and will continue to incur expenses for medical psychological treatment, therapy and counseling.

17. This action falls within one or more of the exceptions set forth in CPLR §1602.

18. As a result of the foregoing, THE CHILD, has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

19. As a result of the foregoing, THE CHILD, claims punitive damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

20. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "19" of this Complaint with the same force and effect as if fully set forth herein.

21. Upon information and belief, Defendant, BOY SCOUTS OF AMERICA, trained, selected, approved and appointed THE CHILD MOLESTER as a Scout Master for Boy Scouts of America Troop 565, placing him in a position with authority and power over THE CHILD.

22. Defendant, BOY SCOUTS OF AMERICA, knew or reasonably should have known of the propensities of THE CHILD MOLESTER to commit acts of sexual assault, battery, rape and other sexual crimes against THE CHILD and other children.

23. Upon information and belief, Defendant, BOY SCOUTS OF AMERICA, failed to report to the police or other governmental agencies sexual crimes committed by THE CHILD MOLESTER upon infant boys in Boy Scouts of America Troop 565.

24. Upon information and belief, prior to the incident set forth herein, Defendant, BOY SCOUTS OF AMERICA, was aware and was otherwise on actual notice that a number of its Scout Masters, were sexually abusing and/or sexually assaulting and/or molesting and/or raping young boys.

25. Upon information and belief, the aforesaid incidents and resultant injury and damages to THE CHILD were caused as a result of the negligence, carelessness and recklessness of Defendant, BOY SCOUTS OF AMERICA, in the training, hiring, selecting and assignment of THE CHILD MOLESTER.

26. The acts and/or omissions of Defendant, BOY SCOUTS OF AMERICA,

FILED: ERIE COUNTY CLERK 12/03/2019 12:43 PM        INDEX NO. 816082/2019
NYSCEF DOC. NO. 1                                    RECEIVED NYSCEF: 12/03/2019

constitute reckless disregard for the safety of THE CHILD and other children.

27. As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

28. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "27" of this Complaint with the same force and effect as if fully set forth herein.

29. Upon information and belief, the aforesaid incidents and resultant injury to THE CHILD, were caused as a result of the negligence, carelessness and recklessness of Defendant, BOY SCOUTS OF AMERICA, in structuring and organizing its youth programs so as to create a pedophile paradise ideal for child molesters acting as Scout Masters to commit sexual assaults and sexual crimes upon infant children.

30. The acts and/or omissions of Defendant, BOY SCOUTS OF AMERICA, constitute reckless disregard for the safety of THE CHILD and other children.

31. As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

32. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "31" of this Complaint with the same force and effect as if fully set forth herein.

33. Upon information and belief, the aforesaid incidents and resultant injury to

THE CHILD, were caused as a result of the negligence, carelessness and recklessness of Defendant, BOY SCOUTS OF AMERICA, in retaining of THE CHILD MOLESTER.

34. The acts and/or omissions of Defendant, BOY SCOUTS OF AMERICA, constitute reckless disregard for the safety of THE CHILD and other children.

35. As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

36. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "35" of this Complaint with the same force and effect as if fully set forth herein.

37. Upon information and belief, the aforesaid incidents and resultant injury to THE CHILD, were caused as a result of the negligence, carelessness and recklessness of Defendant, BOY SCOUTS OF AMERICA, in supervising THE CHILD MOLESTER.

38. The acts and/or omissions of Defendant, BOY SCOUTS OF AMERICA, constitute reckless disregard for the safety of THE CHILD and other children.

39. As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

40. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "39" of this Complaint with the same force and effect as if fully set forth herein.

FILED: ERIE COUNTY CLERK 12/03/2019 12:43 PM                                INDEX NO. 816082/2019
NYSCEF DOC. NO. 1                                                            RECEIVED NYSCEF: 12/03/2019

41. Defendant, BOY SCOUTS OF AMERICA, failed to warn and/or disclose and/or educate THE CHILD and/or the parents of THE CHILD of the danger of sexual assault THE CHILD MOLESTER posed to THE CHILD.

42. Defendant, BOY SCOUTS OF AMERICA, failed to warn and/or disclose and/or educate THE CHILD and/or the parents of THE CHILD of the danger of sexual assault its Scout Masters posed to THE CHILD and other children.

43. Defendant, BOY SCOUTS OF AMERICA, failed to warn and/or disclose and/or educate all adult volunteer Scout Masters of the danger of sexual assault its Scout Masters posed to THE CHILD and other children.

44. As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

45. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "44" of this Complaint with the same force and effect as if fully set forth herein.

46. Defendant, BOY SCOUTS OF AMERICA, is vicariously liable for the damages sustained by THE CHILD because THE CHILD MOLESTER was aided by his position with the BOY SCOUTS OF AMERICA in committing the sexual assaults and battery upon THE CHILD.

47. As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANT, BOY SCOUTS OF AMERICA, HEREIN:

48. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "47" of this Complaint with the same force and effect as if fully set forth herein.

49. Defendant, BOY SCOUTS OF AMERICA, is vicariously liable for the actions of THE CHILD MOLESTER because the BOY SCOUTS OF AMERICA materially increased the risk of sexual assault or sexual crimes upon THE CHILD and other young boys by conferring power or authority on its Boy Scout leaders over THE CHILD and other young boys.

50. Defendant, BOY SCOUTS OF AMERICA, is vicariously liable for the sexual assault and battery committed upon THE CHILD by THE CHILD MOLESTER because the BOY SCOUTS OF AMERICA regularly placed THE CHILD MOLESTER and other Boy Scout leaders in situations of intimate or personal contact with THE CHILD and other young boys.

51. As a result of the foregoing, THE CHILD has sustained general and special damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff demands judgment against Defendants, either jointly or severally, in the First, Second, Third, Fourth, Fifth, Sixth, Seventh and Eighth Causes of Action in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and for such other, further or different relief as the Court may deem just and proper, together with the costs and disbursements of the action.

8

3714001.1.066580.0001

DATED:   Buffalo, New York
         December 2, 2019        LIPSITZ GREEN SCIME CAMBRIA LLP

                                 By: _____
                                    RICHARD P. WEISBECK, JR., ESQ.
                                    CHRISTINA M. CROGLIO, ESQ.
                                 Attorneys for Plaintiff
                                 42 Delaware Avenue, Suite 120
                                 Buffalo, New York 14202-3924
                                 (716) 849-1333
                                 [RPW: # 66580.0001]