# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |
| BOY SCOUTS OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>A.A., *et al.*,[2]<br><br>            Defendants. | Adv. Pro. No. 20-50527 (LSS)<br><br><br><br>**Related Adv. Docket Nos. 6, 7, 32** |

**DECLARATION OF ADRIAN C. AZER IN SUPPORT OF THE BSA'S REPLY BRIEF
IN FURTHER SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION
PURSUANT TO SECTIONS 105(A) AND 362 OF THE BANKRUPTCY CODE**

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, Texas 75038.

[2] A full list of the Defendants in this adversary proceeding is included in redacted form on Exhibit A to the BSA's Verified Complaint for Injunctive Relief [Adv. D.I No. 1] to protect the privacy interests of abuse victims.

Adrian C. Azer, being duly sworn, states the following under penalty of perjury:

1. I am over twenty-one (21) years of age and I am fully competent to make this Declaration. I am a partner at the law firm Haynes and Boone, LLP, 800 17th Street NW, Suite 500, Washington, D.C. 20006, which has served as insurance-coverage counsel to the Boy Scouts of America (the "BSA"), a non-profit corporation and a debtor and debtor in possession in the above-captioned chapter 11 cases. I am a licensed attorney and I have been admitted to practice in Texas, Georgia and the District of Columbia and have practiced in these various jurisdictions for the last 16 years.[3] I respectfully submit this Declaration in Support of BSA's Reply Brief in Further Support of Motion for a Preliminary Injunction Pursuant to Section 105(a) and 362 of the Bankruptcy Code.

2. The matters set forth below are based upon materials, books, and records made available and reviewed by me, including but not limited to the Memorandum of Law Submitted in Support of Plaintiff, LG 37 Doe's Motion to Sever Defendant BSA's Causes of Action, and For This Court to Remand, Or In the Alternative To Abstain, The Causes of Action as to Defendant Nail and Defendant GNF Council to New York State Supreme Court, County of Erie ("Plaintiff LG 37 Doe's Memorandum"). If called upon to testify I could and would competently testify to those facts.

A. **Overview of BSA's Insurance Coverage Between 1983 And 1985**

3. Plaintiff LG 37 Doe alleges that he was sexually abused from "approximately 1983 to 1987."[4] Plaintiff LG 37 Doe's Mem. at 2.

---

[3] I am presently an inactive member of the state bar of Georgia.
[4] The BSA does not address the insurance policies in 1986 and 1987 because they are not available to provide insurance coverage for Plaintiff LG 37 Doe's Claim pursuant to the "First Encounter Agreement" described in paragraph 6, *infra*.

4.  As noted in the declaration of Brian Whitman in support of the Debtors' Motion for a Preliminary Injunction Pursuant to Section 105(a) and 362 of the Bankruptcy Code, between 1983 and the end of 1985, the BSA maintained commercial, general-liability policies that generally provide coverage for: (1) the BSA; (2) various local councils that effectuate the BSA's mission and are independently incorporated under the non-profit laws of their respective states (the "Local Councils"); and (3) various community and religious organizations, and groups of individuals that organize the BSA's scouting units (the "Chartered Organizations").

5.  These policies provide coverage for defense and indemnity costs for bodily injury claims (including claims arising out of sexual-abuse and sexual misconduct) and contain aggregate limits of liability applicable to sexual-abuse claims.[5] More simply put, once the limits of liability under these policies are paid for any sexual-abuse claim(s), then those policies are no longer available to provide coverage for any other sexual-abuse claim(s).

**B.    Insurance Coverage Available to Plaintiff LG 37 Doe**

6.  Consistent with an agreement between the BSA and Insurance Company of North America and Century Indemnity Company ("INA") (and certain other insurers), the only year of insurance coverage available to Plaintiff LG 37 Doe's claim is 1983 – the year of first alleged abuse.

7.  In 1983, only one insurance policy has limits of liability available – an excess insurance policy issued by INA, XCP 144961, a true and correct copy of which is attached hereto as Exhibit A.[6] That INA excess policy specifically provides that the BSA and the Greater

---

[5] The BSA and certain of the insurers in 1983 presently have a dispute regarding whether their policies owe defense costs, but there is no dispute that these policies owe coverage for indemnity costs related to sexual-abuse claims.

[6] The BSA is presently in coverage litigation with National Surety Corporation regarding exhaustion of a separate excess policy it issued in 1983 – National Surety Policy No. XLX-148-43-09. The BSA contends that that policy has been exhausted by the pre-petition settlement of certain sexual-abuse claims. However, even if that policy were available, that policy likewise contains aggregate limits of liability and once amounts are paid for any sexual-abuse claim, the policy would no longer be available to pay any other claims of any sexual-abuse claimant.

Niagara Frontier Council, Inc., Boy Scouts of America ("GNF Council") share the insurance coverage available as both the BSA and Local Councils are identified as "Named Insureds":

> Name of Insured – Boy Scouts of America; National Regional and All Local Councils . . .

*See* Named Insured Endorsement (Endorsement No. 2), INA Policy No. XCP 144961 (Ex. A).

8.    As such, the BSA and the GNF Council share the limits of liability for the remaining insurance policy in 1983 and the limits of liability of that policy have already been partially eroded based on the pre-petition settlement of alleged sexual-abuse claims.

9.    Thus, once the limits of liability of the sole remaining INA excess policy is exhausted, no insurance coverage will be available for any other sexual-abuse claimant(s) alleging abuse against the BSA that commenced in 1983.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 22nd day of March, 2020 in the District of Columbia, Washington.

_____
ADRIAN C. AZER