# EXHIBIT A



# INSURANCE COMPANY OF NORTH AMERICA, PHILADELPHIA, PENNSYLVANIA

Attached to and hereby made a part of
Certificate of Excess Insurance No. XCP 144961

**DECLARATIONS**

**Item 1. Name of Insured** — Boy Scouts of America; National Regional and All Local Councils, including all Scout Officials thereof and et al per supplemental information on file with the Company and as more fully described in Endorsement hereto

**Item 2. Address** — 1325 Walnut Hill Lane
Irving, Texas 75062-1296

**Item 3. Certificate Term** — From: November 17, 1982
To: January 1, 1984
12:01 A.M., standard time at the address of the insured as stated in Item 2 above.

**Item 4. Primary Insurance** —

| Primary Carriers | Policy Numbers | Policy Periods |
|---|---|---|
| Insurance Co. of North America | Comp. Auto & Gen. Liab. #TBA | 1-1-82/83 |
| Insurance Co. of North America | Employers Liability #TBA | 1-1-82/83 |
| Twin Cities Fire & Marine Co. | Umbrella Liability #TBA | 1-1-82/83 |
| 1st State Ins. Co. and H.S. Weavers at Lloyds | Excess Third Party Liab. #TBA | 1-1-82/83 |

and any renewals or rewrites of the above.

**Item 5. Description of Primary Insurance** —
Comprehensive General Liability; Comprehensive Automobile Liability; Employers Liability; Umbrella Liability; and Third Party Excess Liability as set forth in the Schedule of Underlying and intervening insurance on file with INA.

**Item 6. Description of Excess Insurance** —
$25,000,000. Combined Single Limit, excess of primary and $25,000,000. Combined Single Limit intervening umbrella and Excess Third Party Liability coverage as described.

**Item 7. Premium** — $14,123.00 Flat charge for policy term November 17, 1982 to January 1, 1984.

**Item 8.** attached hereto and made a part hereof:
No. 1 — Nuclear Energy Liability Exclusion Endorsement (Form LC-1012)
No. 2 — Named Insured Endorsement

jm 12-1-82

LC-1182 5M 6-73 PTD. IN U.S.A.

This is a certificate of excess issued by INSURANCE COMPANY OF NORTH AMERICA (herein called INA) to the party or parties named in the declarations made a part hereof (herein called the Insured).

A. WHEREAS, the primary carriers have issued to the Insured policies of insurance listed in Item 4 (Primary Insurance) of the declarations (which policies, including renewals or replacements thereof on the same basis, are herein called the primary insurance) which are providing the insurance described in Item 5 (Description of Primary Insurance) of the declarations.

B. NOW, this certificate is to idemnify the Insured in accordance with the applicable insuring agreements, exclusions and conditions of the primary insurance for excess loss as specified in Item 6 (Description of Excess Insurance) of the declarations.

C. The insurance afforded by this certificate shall follow that of the primary insurance except:

(1) anything in this certificate or the primary insurance to the contrary notwithstanding, INA shall not be obligated to assume charge of the settlement or defense of any claim or suit brought or proceeding instituted against the Insured, but INA shall have the right and be given the opportunity to associate with the Insured in the defense or control of any claim, suit or proceeding which appears reasonably likely to involve INA, in which event the Insured and INA shall cooperate in all things in the defense or control of such claim, suit or proceeding, but no obligation shall be incurred on behalf of INA without its consent being first obtained, however, in the event that the amount of the excess loss becomes certain either through trial court judgment or agreement among the Insured, the claimant and INA, then, the Insured may pay the amount of excess loss to the claimant to effect settlement and, upon submission of due proof thereof, INA will indemnify the Insured for such payment, or, INA will, upon request of the Insured, pay such amount to the claimant on behalf of the Insured; (2) the insurance afforded by this certificate shall not apply to any expenses for which insurance is provided in the primary insurance; (3) where amended by endorsement attached hereto.

D. The premium for this certificate is the amount stated in Item 7 of the declarations and is payable upon delivery of this certificate.

E. INA shall be furnished with copies of the primary insurance and all endorsements thereto which in any manner affect this excess insurance as soon as practicable.

F. This certificate may be canceled by the Insured by surrender thereof to INA or any of its authorized agents, or by mailing to INA written notice stating when thereafter such cancelation shall be effective, it being agreed, however, that in the event of cancelation or termination of the primary insurance, this certificate, to the extent of such cancelation or termination, shall cease to apply at the same time without notice to the Insured. This certificate may be canceled by INA by mailing to the first Named Insured at the address shown herein written notice stating when, not less than thirty (30) days thereafter, such cancelation shall be effective. The mailing of notice as aforesaid shall be sufficient notice and the effective date of cancelation stated in the notice shall become the end of the term of this certificate. Delivery of such written notice either by the Insured or by INA shall be equivalent to mailing.

G. If the period of the primary insurance is not concurrent with the terms of this certificate, it is agreed that for the purpose of determining INA's liability for loss in excess of the aggregate limits where applicable, of the primary insurance, only loss happening during the term of this certificate shall be included.

IN WITNESS WHEREOF, INSURANCE COMPANY OF NORTH AMERICA has caused this certificate to be signed by its President and Secretary-Treasurer at Philadelphia, Pennsylvania and countersigned by a duly authorized agent of the company.

Countersigned:

_____ Agent

DONALD G. HETH, President

HARRY E. HOYT, Secretary

LC-1183-1  12/66  Ptd. in U.S.A.



**NUCLEAR ENERGY LIABILITY EXCLUSION ENDORSEMENT**
(Broad Form)

Endorsement #1

| Named Insured | |
|---|---|
| Effective | Policy Number XCP 144961 |
| Issued By (Name of Insurance Company) | |

The above is required to be completed only when this endorsement is issued subsequent to the preparation of the policy.

---

This endorsement modifies such insurance as is afforded by the provisions of the policy relating to the following:

**ALL AUTOMOBILE LIABILITY, GENERAL LIABILITY AND MEDICAL PAYMENTS INSURANCE OTHER THAN FAMILY AUTOMOBILE, SPECIAL PACKAGE AUTOMOBILE, COMPREHENSIVE PERSONAL AND FARMER'S COMPREHENSIVE PERSONAL INSURANCE**

---

It is agreed that;
I. The policy does not apply:
   A. Under any Liability Coverage, to bodily injury or property damage
      (1) with respect to which an Insured under the policy is also an Insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or
      (2) resulting from the hazardous properties of nuclear material and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the Insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.
   B. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to bodily injury resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.
   C. Under any Liability Coverage, to bodily injury or property damage resulting from the hazardous properties of nuclear material, if
      (1) the nuclear material (a) is at any nuclear facility owned by, or operated by or on behalf of, an Insured or (b) has been discharged or dispersed therefrom;
      (2) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an Insured; or
      (3) the bodily injury of property damage arises out of the furnishing by an Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to property damage to such nuclear facility and any property thereat.
II. As used in this endorsement:
   **"hazardous properties"** include radioactive, toxic or explosive properties;
   **"nuclear material"** means source material, special nuclear material or byproduct material;
   **"source material", "special nuclear material",** and **"byproduct material"** have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;
   **"spent fuel"** means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;
   **"waste"** means any waste material (a) containing **by-product material** other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its **source material** content, and (b) resulting from the operation by any person or organization of any **nuclear facility** included under the first two paragraphs of the definition of **nuclear facility.**
   **"nuclear facility"** means
      (a) any nuclear reactor,
      (b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,
      (c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,
      (d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste,
   and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;
   **"nuclear reactor"** means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;
   **"property damage"** includes all forms of radioactive contamination of property.

jm 12-1-82

_____
Authorized Agent

LC-1012a  (GL 21 19 06 79)  Ptd in U.S.A



| Named Insured | | | Endorsement Number |
|---|---|---|---|
| | | | 2 |
| Policy Symbol | Policy Number | Policy Period | Effective Date of Endorsement |
| XCP | 144961 | | |
| Issued By (Name of Insurance Company) | | | |

Insert the policy number. The remainder of the information is to be completed only when this endorsement is issued subsequent to the preparation of the policy.

## Named Insured Endorsement

In consideration of premiums charged, it is understood and agreed that item 1 of the Declarations shall more fully read as follows:

Boy Scouts of America

National, Regional and all Local Councils including all Scout Officials, Professional and Non-Professional Employees, Sponsors and Charter Organizations, Donors and Volunteer Workers (whether registered or not) solely with respect to scouting activities and as excess over other valid and collectible insurance, Certificate Holders by specific request, and Leasing Dealer as respects automobiles leased by Boy Scouts of America.

jm 12-1-82

Authorized Agent

CC-1E15 Ptd. in U.S.A.

ORIGINAL