**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>Jointly Administered |
| BOY SCOUTS OF AMERICA,<br><br>              Plaintiff,<br><br>        v.<br><br>A.A., *et al.*,[2]<br><br>              Defendants. | Adv. Pro. No. 20-50527 (LSS)<br><br>**Re: A.D.I Nos. 6, 7, 8, 9, 11, 13, 14** |

**CONSENT ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 362 GRANTING
THE BSA'S MOTION FOR A PRELIMINARY INJUNCTION**

WHEREAS, the Court has considered the Motion for a Preliminary Injunction Pursuant to Sections 105(a) and 362 of the Bankruptcy Code (the "Motion")[3] of the Boy Scouts of America (the "BSA"), as above-captioned plaintiff (the "Plaintiff") in the adversary proceeding commenced by the Verified Complaint for Injunctive Relief (the "Complaint"), and as debtor and debtor in possession in the above-captioned chapter 11 case, for entry of an order extending

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtors' federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

[2] A full list of the Defendants in this adversary proceeding was included in redacted form on Exhibit A to the BSA's Verified Complaint for Injunctive Relief [A.D.I No. 1] to protect the privacy interests of abuse victims. A revised proposed redacted version of the Complaint and Exhibit A thereto was filed on or about February 26, 2020 [A.D.I No. 14-1]. An unredacted version of the Complaint and Exhibit A thereto has been served on each Defendant's counsel.

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the stay to enjoin the prosecution of the Pending Abuse Actions pursuant to sections 105 and 362 of the Bankruptcy Code and Rule 7065 of the Bankruptcy Rules; and

WHEREAS, the BSA's Complaint in this adversary proceeding indicates that its purpose, *inter alia*, is to "support[] the strategy of the entire chapter 11 restructuring of the BSA and Delaware BSA, LLC (collectively, the "Debtors") [including, without limitation] (a) establishing and populating an electronic data room with information regarding the BSA's and the Local Councils' assets, including any restrictions on such assets; … (f) filing a motion seeking the appointment of a sitting bankruptcy judge as a mediator and the referral to mandatory mediation of all issues related to a global settlement of abuse claims through a consensual plan of reorganization; [and] (g) filing a plan of reorganization that provides a framework for the negotiation of a global resolution of abuse claims asserted against the BSA and a comprehensive restructuring of the BSA" (Redacted Complaint for Injunction, Dkt. #5, Adv. Pro. No. 20-50527); and

WHEREAS, on March 5, 2020, the Office of the United States Trustee filed notices of the appointment of an official committee of unsecured creditors (the "UCC") and an official committee of survivors of abuse (the "Tort Claimants' Committee")[4] and together with the UCC, the "Committees") pursuant to section 1102 of the Bankruptcy Code. *See* Bankr. Case No. 20-10343 (LSS), D.I. Nos. 141, 142; and

WHEREAS, as of the date of this Consent Order, no other official committee has been appointed or designated; and

WHEREAS, the Tort Claimants' Committee and the UCC are still assessing these matters, but have indicated their belief that achieving the purposes of the injunction sought by the Debtors' instant Complaint requires, *inter alia*, production of relevant information; and

---

[4] The members of the Tort Claimants' Committee were each subject to childhood sexual abuse.

2

WHEREAS, the Committees believe that such relevant information to be produced includes, by example only, and without limitation[5]:

    i. financial and other information regarding the business and financial affairs of the Debtors (including electronic accounting systems, financial reports, audits, tax returns, investment procedures, loan documents, accounts, property ownership records, valuations, corporate documents, minutes, related trust and pooled investment accounts, gifts, donations and all known future bequests, allegedly restricted assets, and all related documents or manuals);

    ii. financial and other information regarding each of the BSA Related Parties (as defined below) such as balance sheets, income statements, lists of property and assets, lists of all councils in existence since 1950 and all consolidations and/or dissolutions thereof, and the articles of each council and/or samples thereof if they all are the same;

    iii. financial and other information regarding Chartered Organizations to benefit from any global resolution of claims;

    iv. an insurance coverage chart (*e.g.*, 1950 – 2020), a list and status of insurance coverage actions, and other insurance information;

    v. files, with certain information redacted (e.g., victims' identifying information) from among the Ineligible Volunteer Files that concern

---

[5] While the BSA is committed to using its reasonable best efforts to produce and provide access to relevant information to support a mediation aimed at achieving a global settlement of abuse claims through a consensual plan of reorganization, it is not, at this time, confirming the availability of or agreeing to produce specific documents or categories of documents.

sexual abuse or similar sexually inappropriate behavior of conduct, and the policies, procedures, and desk manuals regarding such files;

vi. troop rosters; and

vii. data regarding transfers of property between the Debtors and each of the BSA Related Parties and other Chartered Organizations; and

WHEREAS, the Committees have further asserted that, without the Debtors making meaningful, ongoing progress with respect to the production of information, the continuation of this injunction beyond its initial term would be without merit; and

WHEREAS, the Debtors have provided the Committees' advisors with access to a secure data room containing, among other materials, organizational documents of the BSA, financial statements of the BSA, shared services agreements between the BSA and one or more of the BSA Related Parties, asset and liability information of the BSA, and insurance policies to which the BSA is a party and insurance coverage charts, and are working in good faith with the Committees' advisors to facilitate access to such information by members of such Committees in furtherance of their fiduciary duties; and

WHEREAS, the Debtors have acknowledged that the Tort Claimants' Committee's continued support for all or some of the terms of this injunction beyond its initial term may depend on the Debtors continuing efforts to produce and provide access to relevant information to support a mediation aimed at achieving a global settlement of abuse claims through a consensual plan of reorganization; and

WHEREAS, the Tort Claimants Committee believes that the relief must include that the Pending Abuse Actions be stayed as to all parties to maintain the status quo, and that exceptions be afforded to prevent injustice (or a process therefor); and

WHEREAS, the BSA, with the consent of the Committees, seeks to stay the Pending Abuse Actions with respect to all parties thereto in accordance with the terms set forth in this Consent Order; and

WHEREAS, the Court has reviewed and considered the Complaint, the Motion, the briefs, declarations and other documents filed in support of the Motion, all other evidence and argument submitted by the Plaintiff in support thereof, and all objections and replies thereto, and has held a hearing with respect thereto; and

WHEREAS, due and proper notice of the Motion has been given, and no other or further notice is necessary or required.

After due deliberation and sufficient cause appearing therefor; **THE COURT FINDS AND CONCLUDES THAT:**

A. The Plaintiff in this adversary proceeding is the debtor, the BSA. Attached hereto as Schedule 1 is a list of lawsuits or claims (collectively, the "Pending Abuse Actions") against the BSA and/or the BSA Related Parties set forth on Schedule 2 attached hereto (the "BSA Related Parties"). The BSA Related Parties consist of (i) non-debtor Learning for Life, a non-stock organization affiliated with the BSA, (ii) local councils, which the BSA represents are independently incorporated under the non-profit laws of their respective states (the "Local Councils"), and (iii) community and religious organizations, businesses, and groups of citizens that organize Scouting units under the BSA charter and are named defendants in the Pending Abuse Actions (and no others). The Pending Abuse Actions include the (a) Pending Abuse Actions, as defined in the Motion, that were pending as of the Petition Date, and (b) actions that have been filed or otherwise asserted against the BSA and/or the named BSA Related Parties on or after the Petition Date, alleging that the BSA and/or the BSA Related Parties are liable to the

applicable plaintiff on account of abuse perpetrated against such plaintiff. The Defendants in this adversary proceeding are those parties listed in the "Underlying Plaintiffs" column of Exhibit A to the Complaint. The Defendants in the adversary proceeding are all plaintiffs in lawsuits that seek to hold the BSA and/or the BSA Related Parties liable in actions that include claims and/or causes of action allegedly arising out of the plaintiffs' involvement or connection with the BSA.

B. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), the BSA confirms its consent to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the parties, cannot enter final order or judgments consistent with Article III of the United States Constitution. Venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409.

C. The findings in Paragraph C are only for purposes of this Consent Order and have no other binding effect. Pursuant to 28 U.S.C. §§ 157 and 1334, this Court has related-to jurisdiction over the claims and actions against the BSA Related Parties in the Pending Abuse Actions. The Court's failure to grant preliminary injunctive relief would result in irreparable harm to the BSA. The BSA has demonstrated that the continued prosecution of the Pending Abuse Actions would deplete valuable estate assets otherwise distributable to creditors, potentially including Defendants, as a result of substantial shared insurance policies covering the BSA and the BSA Related Parties, as well as significantly divert the BSA from the essential bankruptcy proceedings by requiring it to concurrently participate in or otherwise address

discovery, other pretrial proceedings, and/or trials, all to the substantial detriment of the BSA and its estate. Furthermore, the BSA has demonstrated that any harm to the other parties' ability to pursue remedies as a result of a stay is outweighed by the irreparable harm the BSA will suffer in the absence of the requested preliminary injunctive relief.

D. Although the Pending Abuse Actions are stayed by operation of 11 U.S.C. § 362(a) to the extent they seek relief against the BSA, the plaintiffs in the Pending Abuse Actions assert, or may assert, that the automatic stay does not, subject to compliance with applicable rules of civil procedure, prohibit them from pursuing their claims against any non-debtor defendant(s), including the BSA Related Parties.

E. The legal and factual bases set forth in the Complaint, the Motion, the briefs and declarations in support thereof, other supporting papers, and at the hearing establish just cause for the relief granted herein.

F. Accordingly, this Court finds it appropriate to enter a preliminary injunction pursuant to sections 105 and 362 of the Bankruptcy Code and Bankruptcy Rule 7065.

Based on these findings and conclusions, **IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is GRANTED as set forth herein.

2. The BSA is authorized to take all actions necessary or appropriate to carry out this Consent Order.

3. The Pending Abuse Actions set forth on Schedule 1 are hereby stayed as to the BSA Related Parties, and any and all further proceedings in the Pending Abuse Actions, or other actions by the parties thereto in furtherance of their prosecution or defense, are hereby stayed, prohibited and enjoined from February 18, 2020 (the "Petition Date") through and including

7

11:59 p.m. (prevailing Eastern time) May 18, 2020 (as may be extended, the "Termination Date").

4. Subject to Paragraphs 6 and 7 below, prior to the occurrence of the Termination Date, no person shall prosecute against any BSA Related Party any action alleging claims substantially similar to those asserted by any plaintiff in a Pending Abuse Action, nor shall any plaintiff seek to sever his or her claims against the BSA in any Pending Abuse Action in order to proceed with such Pending Abuse Action against any BSA Related Party.

5. Prior to the occurrence of the Termination Date, no BSA Related Party shall take any action in any Pending Abuse Action or Further Abuse Action (as defined below) against the BSA, the Tort Claimants' Committee, or any plaintiff therein, including without limitation, seeking remand, discovery, or dismissal of the Pending Abuse Action or Further Abuse Action. Nothing herein shall preclude a BSA Related Party from answering a complaint in a Pending Abuse Action or Further Abuse Action, but any obligation to do so shall be tolled pursuant to Paragraph 9 below.

6. The stay imposed by this Consent Order shall not prohibit or enjoin any plaintiff in a Pending Abuse Action that was filed, but not served, after the Petition Date from or serving a complaint related to such Pending Abuse Action against the BSA or the BSA Related Parties, or naming additional codefendants in such action or taking steps therefor. Nor shall the stay imposed by this Consent Order prohibit or enjoin any plaintiff in a Pending Abuse Action from seeking preservation discovery from witnesses determined by mutual agreement of the BSA and the Tort Claimants' Committee and the UCC, or by the Court, to be aging or infirm witnesses; provided, however, that such discovery be limited to that which is reasonably necessary to prevent discoverable evidence from becoming permanently unavailable.

7. The stay imposed by this Consent Order shall not prohibit or enjoin the filing of a complaint for purposes of commencing a claim or cause of action against a BSA Related Party (or undertaking the process to name as a defendant in a pending action (in states where such initial naming is not permitted) BSA or a BSA Related Party) alleging claims substantially similar to those asserted by plaintiffs in the Pending Abuse Actions (the "Further Abuse Actions"), or service of a complaint related to any Further Abuse Action upon, any BSA Related Party or any other non-debtor defendant, including service of a complaint or the certification under applicable non-bankruptcy law of such complaint in any Pending Abuse Action or Further Abuse Action. Any stay pursuant to this Consent Order or 11 U.S.C. § 362 (to the extent applicable) is hereby lifted to the limited extent necessary to (a) allow any person to file and serve a Further Abuse Action against a BSA Related Party, as well as to file and serve any proof of service and any certification under applicable non-bankruptcy law therefor, and (b) to allow any BSA Related Party or the BSA to tender the defense of any Further Abuse Actions or similar claims to any insurance carrier who may have provided coverage with respect to the claim at issue (each, an "Insurer"); provided, however, that nothing herein is intended to authorize any payment by an Insurer to or on behalf of a BSA Related Party to the extent that doing so would serve to reduce the amount of insurance coverage available to the BSA.

8. Any plaintiff commencing or serving a Further Abuse Action shall provide copies of the complaint via email to each of the undersigned counsel to the BSA and the Committees on the later of the same date as service of the complaint pursuant to this Paragraph 8 or within three (3) business days of service of this Consent Order upon such person.

9. The period beginning on the Petition Date and ending on the Termination Date (the "Standstill Period") shall not be included in computing the running of any time periods with

respect to any, including, without limitation, (a) deadline to file an answer, motion to dismiss, or other responsive pleading, (b) deadline to seek or respond to dispositive motions or discovery demands, (c) deadline to seek removal of an action to federal court, (d) deadlines to seek remand, assert a matter is non-core, or demand a jury trial or consent to the Bankruptcy Court's conduct thereof, or (e) other time deadlines (whether statutory, rule-based, equitable, contractual, or otherwise) relating to the prosecution or defense of the Pending Abuse Actions or Further Abuse Actions, such that all claims, defenses, rights and privileges with respect thereto shall be preserved and remain viable to the same extent that they existed as of the Petition Date; provided, however, that the foregoing shall not be deemed to extend or waive any applicable statutes of limitations, statutes of repose, laches or estoppel periods or other time deadlines or defenses relating to the initial assertion of a claim or filing of a Pending Abuse Action or Further Abuse Action, and provided, further, that, upon the occurrence of the Termination Date, all parties subject to this Consent Order shall have the greater of (x) forty-five (45) days or (y) the deadline governed by applicable non-bankruptcy law to, including, without limitation, file their initial answer, motion to dismiss, response, or any other pleadings in this adversary proceeding and in any Pending Abuse Action or Further Abuse Action in which they are named.

10. The Standstill Period shall apply to any defendant that is a BSA Related Party listed on Schedule 2 hereto and the plaintiffs in the Pending Abuse Actions and Further Abuse Actions. Additional parties may be added to Schedule 2 hereto only with consent of the BSA, the Tort Claimants' Committee and the UCC (such parties, "Additional BSA Related Parties"). Except to the extent they are included on Schedule 2 hereto, no defendant in a Pending Abuse Action or Further Abuse Action may be deemed a beneficiary of this Consent Order without written consent of the BSA, the Tort Claimants' Committee and the UCC. Within ten (10)

business days of the addition of any party to <u>Schedule 2</u>, the BSA shall file an amended <u>Schedule 2</u> on the docket of the BSA's chapter 11 case and this adversary proceeding.

11. Approximately every thirty (30) days after the entry of this Consent Order, the BSA shall file an amended <u>Schedule 1</u>, which will include additional Further Abuse Actions subject to this Consent Order, on the docket of the BSA's chapter 11 case; <u>provided</u>, <u>however</u>, that such schedule shall identify any plaintiff only as set forth in their complaint (by pseudonym where applicable), and by counsel to the plaintiff and the Index Number or case number of the case.

12. The Termination Date may be extended by mutual agreement between the BSA, the UCC and the Tort Claimants' Committee, which shall be memorialized in a stipulation filed with the Court (an "<u>Extension Notice</u>") and served on plaintiffs to Pending Abuse Actions or, as the case may be, Further Abuse Actions (through their counsel of record in any such Pending Abuse Action or Further Abuse Action) and any other party that was served with notice of the Motion. Any plaintiff in a Pending Abuse Action or Further Abuse Action may object to the application of such extension of the Termination Date to such plaintiff's Pending Abuse Action or Further Abuse Action by filing with the Bankruptcy Court, within ten (10) business days of the date of an Extension Notice, an objection setting forth the basis for its objection(s) to the Extension Notice (an "<u>Extension Objection</u>"). Upon filing of an Extension Objection by any plaintiff ("<u>Objecting Party</u>"), the expiration of the Stay Period with respect to such Objecting Party's Pending Abuse Action or Further Abuse Action shall be extended through and including the later of (a) the Termination Date (without giving effect to the extension set forth in the Extension Notice) and (b) date on which the Bankruptcy Court enters an order regarding the Extension Objection. An Objecting Party shall serve any Extension Objection on the

11

undersigned counsel to the Tort Claimants' Committee, the UCC and the BSA, and counsel to any affected BSA Related Party or Additional BSA Related Party or their counsel of record. Notwithstanding the filing of an Extension Objection by any plaintiff, the Termination Date shall be extended as to any plaintiff who does not object to the Extension Notice.

13. The entry of this Consent Order is without prejudice to the rights of the BSA to enforce the terms of this Consent Order, including through an injunction under 11 U.S.C. § 105(a), against any plaintiff that does not comply with the terms of this Consent Order. Nothing herein shall be construed to limit the rights of the BSA to seek relief similar to the relief provided in this Consent Order, including through an injunction under 11 U.S.C. § 105(a), against any party. Nothing herein shall be construed to restrict or prohibit the rights of any party to oppose an extension of the Termination Date. Nothing herein shall be construed to restrict or prohibit the rights of the UCC, the Tort Claimants' Committee or any plaintiff in a Pending Abuse Action or Further Abuse Action to oppose any effort by the BSA, the BSA Related Parties, or any Additional BSA Related Party to stay or enjoin any Pending Abuse Action or Further Abuse Action to the extent not stayed by this Consent Order. Nothing in the Motion or this Consent Order shall be construed as an admission by the Tort Claimants' Committee, the UCC or any plaintiff regarding any efforts by the BSA, any BSA Related Party, or any Additional BSA Related Party to obtain an order enforcing the automatic stay or enjoining prosecution of any Pending Abuse Action or Further Abuse Action after the Termination Date.

14. Nothing in this Consent Order is intended or shall be deemed to constitute a waiver by any party of any time-based defenses, except to the extent any otherwise applicable deadlines may be tolled during the Standstill Period as provided herein. Except as otherwise

provided herein, all parties shall be deemed to reserve all available rights, remedies, claims and defenses without waiver.

15. Until such time as the Court either (a) approves and enters this Consent Order, or (b) denies the relief requested in the Motion, the parties hereto shall abide by, and conduct themselves in accordance with, the agreements, terms and conditions hereof as if same had been approved by the Court.

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Consent Order are immediately effective and enforceable upon its entry.

17. The BSA is authorized to file a copy of this Consent Order (including any amended Schedules thereto) with any court in which a Pending Abuse Action or Further Abuse Action is or may hereafter become pending as proof that such action is stayed and enjoined as set forth herein.

18. Nothing herein shall be construed to limit or affect any party's right to seek appropriate relief from this Court to the extent necessary to respond to any actions by a court in which a Pending Abuse Action or Further Abuse Action is pending that, but for the stay provided herein, would require a party to act before the Termination Date.

19. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Consent Order.

20. This Consent Order shall be promptly filed in the clerk's office and entered into the record.

*CONSENTED TO BY:*

| | |
|---|---|
| SIDLEY AUSTIN LLP<br>Jessica C. K. Boelter (admitted *pro hac vice*)<br>William E. Curtin<br>787 Seventh Avenue<br>New York, New York 10019<br>Telephone: (212) 839-5300<br>Facsimile: (212) 839-5599<br><br>– and –<br><br>SIDLEY AUSTIN LLP<br>Thomas A. Labuda (admitted *pro hac vice*)<br>Michael C. Andolina (admitted *pro hac vice*)<br>William A. Evanoff<br>Matthew E. Linder (admitted *pro hac vice*)<br>One South Dearborn Street<br>Chicago, Illinois 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br><br>– and –<br><br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Derek C. Abbott*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Joseph C. Barsalona II (No. 6102)<br>Paige N. Topper (No. 6470)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 425-4664<br><br>*Proposed Attorneys for the BSA* | PACHULSKI STANG ZIEHL & JONES LLP<br>By: */s/ James E. O'Neill*<br>James I. Stang (admitted *pro hac vice*)<br>Robert B. Orgel (admitted *pro hac vice*)<br>James E. O'Neill<br>John A. Morris (admitted *pro hac vice*)<br>John W. Lucas (admitted *pro hac vice*)<br>919 N. Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmongton, DE 1999-8705 (Courier 19801)<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>jstang@pszjlaw.com<br>rorgel@pszjlaw.com<br>joneill@pszjlaw.com<br>jmorris@pszjlaw.com<br>jlucas@pszjlaw.com<br><br>*Proposed Attorneys for the Official Tort Claimants' Committee*<br><br>REED SMITH LLP<br>Kurt F. Gwynne (No. 3951)<br>Katelin A. Morales (No. 6683)<br>1201 North Market Street, Suite 1500<br>Wilmington, DE 19801<br>Telephone: (302) 778-7500<br>Facsimile: (302) 778-7575<br><br>– and –<br><br>KRAMER LEVIN NAFTALIS & FRANKEL LLP<br>By: */s/ Rachael Ringer*<br>Thomas Moers Mayer, Esquire<br>Rachael Ringer, Esquire<br>Jennifer Sharrett, Esquire<br>Megan Wasson, Esquire<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Telephone: (212) 715-9100<br>Facsimile: (212) 715-8000<br><br>*Proposed Attorneys for the Official Committee of Unsecured Creditors* |

*[signature]*
**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: March 30th, 2020, 11:33 AM**
**Wilmington, Delaware**

14