**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In the Matter of:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,<br><br>　　　　　　　　　Debtors. | Case No. 20-10343 (LSS) |
| BOY SCOUTS OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>A.A., *et. al.*,<br><br>　　　　　　　　　Defendants. | Adv. Pro. No. 20-50527 (LSS)<br><br>**Related Docket Nos. 6, 7, 25** |

**ANSWER TO PLAINTIFFS' VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF**

Comes now Defendants, R.L. and C.L., his wife as and for their Answer to the Plaintiffs' Verified Complaint for Injunctive Relief, stats and alleges as follows:

**ANSWER**

1. R.L. and C.L., his wife lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.  Moreover, certain of the allegations in this paragraph constitute conclusions of law to which no response is required.

2. R.L. and C.L., his wife lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2. Moreover, certain of the allegations in this paragraph constitute conclusions of law to which no response is required.

3. R.L. and C.L., his wife lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3. Moreover, certain of the allegations in

this paragraph constitute conclusions of law to which no response is required.

4. R.L. and C.L., his wife deny the allegations contained in paragraph 4.

5. R.L. and C.L., his wife deny the allegations contained in paragraph 5.

6. R.L. and C.L., his wife lack knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6. Moreover, certain of the allegations in this paragraph constitute conclusions of law to which no response is required.

7. R.L. and C.L., his wife deny the allegations contained in paragraph 7.

8. R.L. and C.L., his wife deny the allegations contained in paragraph 8.

9. R.L. and C.L., his wife deny the allegations contained in paragraph 9.

10. R.L. and C.L., his wife deny the allegations contained in paragraph 10.

11. R.L. and C.L., his wife deny the allegations contained in paragraph 11.

12. R.L. and C.L., his wife deny the allegations contained in paragraph 12.

13. R.L. and C.L., his wife admit the allegations contained in paragraph insofar as they relate to the BSA being a congressionally chartered organization. R.L. and C.L., his wife otherwise deny any and all other allegations in paragraph 13.

14. R.L. and C.L., his wife admits the allegations contained in paragraph 14 as they relate to the local councils being separately incorporated; R.L. and C.L., otherwise lack knowledge or information sufficient to form a belief regarding any and all other allegations in paragraph 14.

15. R.L. and C.L., his wife, lack knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 15.

16. R.L. and C.L., his wife, lack knowledge or information sufficient to form a belief regarding the allegations contained in paragraph 16.

17. R.L. and C.L., his wife, admit the allegations contained in paragraph 17 as they relate to the BSA currently being a defendant in lawsuits related to sexual abuse. R.L. and C.L.,

his wife otherwise deny any other allegations in paragraph 17.

18. R.L. and C.L., his wife, admit upon information and belief, the allegations contained in paragraph 18 as they relate to the existence of approximately 275 cases pending against the BSA in both state and federal courts; R.L. and C.L., his wife, otherwise deny any other allegations in paragraph 18.

19. R.L. and C.L., his wife, lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19.

20. The allegations contained in paragraph 20 of the Complaint set forth conclusions of law to which no response is required. To the extent the allegations are deemed factual, R.L. and C.L., lack information or knowledge to form a belief regarding the allegations contained in paragraph 20.

21. R.L. and C.L., his wife, lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 21.

22. R.L. and C.L., his wife, lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22.

23. R.L. and C.L., his wife, lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23.

24. R.L. and C.L., his wife, lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24.

25. R.L. and C.L., his wife, admit the allegations contained in paragraph 25.

26. R.L. and C.L., his wife, deny the allegations contained in paragraph 26.

27. R.L. and C.L., his wife, lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27.

28. R.L. and C.L., his wife, reassert their answers to paragraphs 1-27.

29. R.L. and C.L., his wife, deny the allegations contained in paragraph 29.

30. R.L. and C.L., his wife, deny the allegations contained in paragraph 30.

31. R.L. and C.L., his wife, admit the allegations contained in paragraph 31 insofar as the cited law speaks for itself; R.L. and C.L., his wife, otherwise deny any other allegations in paragraph 31.

32. R.L. and C.L., his wife, admit the allegations contained in paragraph 32 insofar as the cited law speaks for itself.  R.L. and C.L., his wife otherwise deny any other allegations in paragraph 32.

33. R.L. and C.L., his wife deny the allegations contained in paragraph 33.

34. R.L. and C.L., his wife deny the allegations contained in paragraph 34.

35. R.L. and C.L., his wife deny the allegations contained in paragraph 35.

36. R.L. and C.L., his wife deny the allegations contained in paragraph 36.

37. R.L. and C.L., his wife deny the allegations contained in paragraph 37.

38. R.L. and C.L., his wife deny the allegations contained in paragraph 38.

39. R.L. and C.L., his wife deny the allegations contained in paragraph 39.

40. R.L. and C.L., his wife deny the allegations contained in paragraph 40.

41. R.L. and C.L., his wife deny the allegations contained in paragraph 41.

42. R.L. and C.L., his wife deny the allegations contained in paragraph 42.

43. R.L. and C.L., his wife lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

This Court lacks subject matter jurisdiction over the claims against the BSA Related Parties.

### Second Affirmative Defense

This Court lacks subject matter jurisdiction over the claims against the BSA Related Parties.

### Third Affirmative Defense

This Court is the improper venue for addressing claims against the BSA Related Parties.

### Fourth Affirmative Defense

Plaintiffs failed to properly serve R.L. and C.L., his wife under the Federal Rules of Bankruptcy.

### Fifth Affirmative Defense

Plaintiffs fail to state a claim upon which relief can be granted. Plaintiffs seek injunctive relief against parties outside the jurisdiction of this Court. Because this Court has no power to grant the requested relief, this Court should dismiss Plaintiffs' claim with prejudice.

### Sixth Affirmative Defense

Plaintiffs failed to join necessary parties, collectively referred to as the BSA Related Parties.

### Seventh Affirmative Defense

R.L. and C.L., his wife assert all of the affirmative defenses contemplated by Rule 8 of the Federal Rules of Civil Procedure and Rule 7008 of the Federal Rules of Bankruptcy. To the extent Plaintiffs' claims may be barred by one or more of said affirmative defenses not specifically set forth above and cannot be determined until the Defendant herein have had the opportunity to complete discovery, R.L. and C.L., his wife incorporate all such affirmative defenses as if fully set forth herein.

Dated: April 15, 2020

**JOHN R. WEAVER, JR., P.A.**

By: /s /*John R. Weaver, Jr.*
John R. Weaver, Jr.

831 N. Tatnall Street, Suite 200
Wilmington, Delaware 19801
(302) 428-1077 (main)

4813-9620-7290, v. 1

(302) 655-7371 (direct)
jrweaverlaw@verizon.net

and

**STARK & STARK, P.C.**
Joseph H. Lemkin, Esq.
993 Lenox Drive
Lawrenceville, NJ 08648
(609) 791-7022 (direct)
(609) 896-9060 (main)
(609) 895-7395 (facsimile)
Attorneys for Defendants, R.L. and C.L., his wife