## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>        Debtors.<br><br>BOY SCOUTS OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>A.A., *et al.*,<br><br>        Defendants. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered)<br><br><br><br>Adv. Pro. No. 20-50527 (LSS)<br><br>**Re: Adv. D.I. 6, 54, 72, 77, 107, 116, 144, 145, 146, 148, 150, 151, 152, 153, 154** |

## REPLY OF BOY SCOUTS OF AMERICA
## TO CENTURY'S OBJECTION TO THE FOURTH STIPULATION
## MODIFYING THE CONSENT ORDER GRANTING THE BSA'S MOTION
## FOR A PRELIMINARY INJUNCTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 362

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows:  Boy Scouts of America (6300) and Delaware BSA, LLC (4311).  The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, TX 75038.

**TABLE OF CONTENTS**

ARGUMENT ............................................................................................................................1

CONCLUSION ........................................................................................................................4

Boy Scouts of America (the "**BSA**"), the non-profit corporation that is, along with its affiliate Delaware BSA, LLC (together, the "**Debtors**"), a debtor and debtor in possession in the above-captioned chapter 11 cases, submits this reply[2] to *Century's Joinder in Support of the Unopposed Relief Requested in the BSA's Motion to Extend the Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Objection to the Stipulation and Proposed Order [Dkt. No. 151]* [Adv. D.I. 152] ("**Century's Objection**" or the "**Objection**") and in support of the *Fourth Stipulation by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [Adv. D.I. 151-1] (the "**Fourth Stipulation**"), and respectfully represents as follows.

## ARGUMENT

1.      On February 22, 2021, the BSA filed its *Motion to Extend Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362* [Adv. D.I. 144] (the "**Extension Motion**"), seeking to extend the Termination Date of the Preliminary Injunction up to and including July 19, 2021.  As explained in the Extension Motion and the accompanying *Opening Brief in Support of the BSA's Motion to Extend the Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362* [Adv. D.I. 145] and as supported by the *Declaration of Brian Whittman in Support of the BSA's Motion to Extend Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362* [Adv. D.I. 146], the extension is necessary to ensure the Debtors have a fair opportunity to successfully reorganize.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Fourth Stipulation.

2.      At the time of filing the Extension Motion, the official committee of tort claimants (the "**Tort Claimants' Committee**") had not consented to the requested extension. Since the filing of the Extension Motion, the BSA, the Tort Claimants' Committee, and the official committee of unsecured creditors (the "**Creditors' Committee,**" and together with the Tort Claimants' Committee, the "**Committees**") continued to pursue a negotiated compromise, with the active participation of the Ad Hoc Committee of Local Councils of the Boy Scouts of America. These negotiations culminated in the filing of the Fourth Stipulation on March 8, 2021. Under the Fourth Stipulation, the BSA and the Committees have agreed to the terms and conditions of the consensual extension of the Termination Date up to and including July 19, 2021, as set forth therein and in the proposed *Order Approving Fourth Stipulation by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [Adv. D.I. 151-1] (the "**Proposed Order**").

3.      As of the date hereof, no plaintiff in any of the Pending Abuse Actions or Further Abuse Actions has objected to the extension. Accordingly, they, along with the BSA and the Committees, have agreed that the extension is appropriate and the Fourth Stipulation should be approved.[3]

4.      Once again, instead of supporting the BSA and its stakeholders in their efforts to achieve a successful reorganization, Century is the lone objector to an otherwise uncontested

---

[3] Others have also joined in support of the extension of the Termination Date to July 19, 2021. *See Joinder of the Ad Hoc Committee of Local Councils in BSA's Motion to Extend Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362* [D.I. 148]; *Joinder by Agricultural Insurance Company to the BSA's Motion to Extend Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362* [D.I. 150]; *PCVA Claimants' Joinder to Stipulation Regarding Preliminary Injunction* [D.I. 153]; *Hartford's Joinder in Support of BSA's Motion to Extend Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362* [D.I. 154].

matter. *See* Century's Objection at 4.  In its Objection, Century joins in the BSA's request for an extension of the Termination Date but objects to the terms that allow the extension to be achievable on a consensual basis.  Far from being "gratuitous," as Century contends, the terms of the Fourth Stipulation allow the BSA, the other constituents, and the Court to avoid a contested hearing on the extension request—a matter of vital importance to the Debtors' reorganization. Although Century claims to be bolstering the BSA's case in support of the extension, its interjection in this matter is counterproductive, unless its goal is to snatch defeat from the jaws of victory.

5.     In support of its Objection, Century invokes supposed infringements on the rights of Local Councils and purported privacy concerns.  *See* Century's Objection at 8.  But the Fourth Stipulation provides, and the Proposed Order specifically reiterates, that no Local Council is being ordered to comply with the terms of the Fourth Stipulation.  *See* Fourth Stipulation ¶ 1; Proposed Order ¶ 2.  Instead, the Fourth Stipulation simply sets forth the procedures by which the Tort Claimants' Committee or the Creditors' Committee can seek to terminate the Preliminary Injunction with respect to a particular Local Council that elects not to comply with the terms of the Fourth Stipulation.  *See* Fourth Stipulation ¶ 1; Proposed Order ¶ 2.  The Fourth Stipulation also makes clear that all of the information that will be produced under the proposed roster production protocol will be subject to the terms of the Court's Protective Order and the confidentiality provisions of the Bar Date Order, and the rosters will be redacted to protect the personally identifiable information of all youth Scouting participants other than abuse survivors themselves.  *See, e.g.*, Fourth Stipulation ¶¶ 6(f)(ii), 6(h), 6(l).[4]

---

[4] In addition, contrary to its argument that notice of the Fourth Stipulation was deficient, *see* Century's Objection at 7–8, sufficient notice was provided, see *Affidavit of Service re: Notice of Fourth Stipulation by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors*

## CONCLUSION

For the reasons set forth above, the Court should overrule Century's Objection and approve the Fourth Stipulation, enter the Proposed Order extending the Termination Date of the Preliminary Injunction up to and including July 19, 2021 on the terms set forth therein, and grant any such other relief as may be just and proper.

*[Remainder of Page Intentionally Left Blank]*

*Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C §§ 105(a) and 362 Further Extending the Termination Date of the Standstill Period* [Adv. D.I. 155].

Dated:  March 15, 2021
      Wilmington, Delaware

Respectfully submitted,

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Eric W. Moats*
Derek C. Abbott (No. 3376)
Andrew R. Remming (No. 5120)
Eric W. Moats (No. 6441)
Paige N. Topper (No. 6470)
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
Telephone:  (302) 658-9200
Email:  dabbott@morrisnichols.com
      aremming@morrisnichols.com
      emoats@morrisnichols.com
      ptopper@morrisnichols.com

and –

**WHITE & CASE LLP**
Jessica C. Lauria (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, New York 10020
Telephone:  (212) 819-8200
Email:  jessica.lauria@whitecase.com

– and –

**WHITE & CASE LLP**
Michael C. Andolina (admitted *pro hac vice*)
Matthew E. Linder (admitted *pro hac vice*)
Laura E. Baccash (admitted *pro hac vice*)
Blair M. Warner (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, Illinois 60606
Telephone:  (312) 881-5400
Email: mandolina@whitecase.com
      mlinder@whitecase.com
      laura.baccash@whitecase.com
      blair.warner@whitecase.com

*Attorneys for the Debtors and Debtors in Possession*