**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>   Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |
| BOY SCOUTS OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>A.A., *et al.*,<br><br>   Defendants. | Adv. Pro. No. 20-50527 (LSS)<br><br>**Re: Adv. Docket Nos. 54, 72, 77, 107, 116, 151, 162, 185** |

**ORDER APPROVING SIXTH STIPULATION BY AND AMONG BOY SCOUTS OF AMERICA, THE OFFICIAL COMMITTEE OF SURVIVORS OF ABUSE, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS MODIFYING THE CONSENT ORDER GRANTING THE BSA'S MOTION FOR A PRELIMINARY INJUNCTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 362 AND FURTHER EXTENDING THE TERMINATION DATE OF THE STANDSTILL PERIOD**

This Court having considered the *Sixth Stipulation By and Among Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* (the "Sixth Stipulation"),[2] a copy of which is attached hereto as **Exhibit 1**, and upon the

---

[1] The Debtors in the chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 West Walnut Hill Lane, Irving, Texas 75038.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sixth Stipulation.

record of this case and due deliberation thereon, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED that:

1. The Sixth Stipulation is approved, and the Termination Date of the Standstill Period is hereby extended, in accordance with the terms of the Sixth Stipulation, up to and including the date of the first omnibus hearing after the Bankruptcy Court issues its decision confirming or denying confirmation of the Plan (the "Extended Termination Date").

2. For the avoidance of doubt, no Local Council is being ordered to comply with the terms of the Sixth Stipulation or is being ordered to take any of the actions described in Paragraphs 4 through 8 thereof. Rather, the terms in Paragraphs 4 through 8 of the Sixth Stipulation simply set out the terms under which the TCC and the UCC can seek to terminate the Preliminary Injunction (as set forth in Paragraph 9 thereof) with respect to a particular Local Council that has not complied with the terms set out in Paragraphs 4 through 8 thereof.

3. The Debtors, the TCC and the UCC are authorized to take all actions necessary or desirable to effectuate the relief granted pursuant to, and in accordance with, this Order and the Sixth Stipulation; provided, however, that in approving the Sixth Stipulation and authorizing the parties to effectuate it the Court is not making any ruling or finding that any insurer has consented to the obligations taken under Paragraph 5 of the Sixth Stipulation. Nothing in this Order shall impair the rights of insurers under their insurance policies with regard to the subject matter of the Sixth Stipulation.

4. The terms and conditions of this Order and the Sixth Stipulation shall be immediately effective and enforceable upon entry of this Order.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order and/or the Sixth Stipulation.

**Dated: November 8th, 2021**
**Wilmington, Delaware**

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

3