# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND DELAWARE BSA, LLC,[1]<br><br>    Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |
| BOY SCOUTS OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>A.A., *et al.*,<br><br>    Defendants. | Adv. Pro. No. 20-50527 (LSS)<br><br>**Related Adv. Docket Nos. 6, 54, 68, 72, 77, 81, 91, 96, 107, 116, 118, 133, 151, 162, 169, 174, 185, 189, 193, 199, 207, 212, 216, 220, 224** |

## NOTICE OF FILING OF AMENDED SCHEDULE 1 TO CONSENT ORDER

The undersigned counsel to the Boy Scouts of America ("BSA"), the non-profit corporation that is, along with its affiliate Delaware BSA, LLC, a debtor and debtor in possession in the above-captioned chapter 11 cases (the "Debtors") hereby provides notice that:

1. On February 18, 2020 (the "Petition Date"), voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") were filed in the Bankruptcy Court by the BSA and Delaware BSA, LLC (Case No. 20-10343) (LSS) (Jointly Administered).

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, Texas 75038.

2. On the Petition Date, the Debtors initiated an adversary proceeding at Adv. Pro. No. 20-50527 (LSS) (the "Adversary Proceeding") by filing the *Verified Complaint for Injunctive Relief* [A.D.I. 1] (the "Complaint"). In connection with the Complaint, the Debtors filed *The BSA's Motion for a Preliminary Injunction Pursuant to Sections 105(a) and 362 of the Bankruptcy Code* [A.D.I. 6] (the "Preliminary Injunction Motion").

3. On March 30, 2020, the Bankruptcy Court entered the *Consent Order Pursuant to 11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction* [A.D.I. 54] (the "Consent Order"). The Consent Order immediately stayed through and until May 18, 2020 (as may be and has been extended, the "Termination Date") all actions identified on Schedule 1 attached thereto (the "Pending Abuse Actions") and any future actions raising substantially similar claims (the "Further Abuse Actions") as against the "BSA Related Parties" identified on Schedule 2 attached thereto. Consent Order ¶¶ 3, 7.

4. On May 18, 2020 the Bankruptcy Court entered the *Stipulation and Agreed Order By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Extending the Termination Date of the Standstill Period under the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362* [A.D.I. 72] (the "First Stipulation and Agreed Order") extending the Termination Date through and including June 8, 2020.

5. On June 9, 2020, the Bankruptcy Court entered the *Second Stipulation and Agreed Order By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 77] (the "Second Stipulation and

Agreed Order"), which, among other things, further extended the Termination Date through and including November 16, 2020.

6. On October 22, 2020, the BSA, the Official Committee of Unsecured Creditors (the "UCC"), and the Official Committee of Tort Claimants (the "TCC") filed with the Bankruptcy Court the *Third Stipulation By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 107-1] (the "Third Stipulation"). On November 18, 2020, the Bankruptcy Court entered the *Order Approving Third Stipulation by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 116] (the "Order Approving Third Stipulation") which, among other things, further extended the Termination Date through and including March 19, 2021.

7. On March 8, 2021, the BSA, the UCC, and the TCC filed with the Bankruptcy Court the *Fourth Stipulation By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 151-1] (the "Fourth Stipulation"). On March 17, 2021, the Court approved the Fourth Stipulation, entering the *Order Approving Fourth Stipulation by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying*

the *Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 162] (the "Order Approving Fourth Stipulation"), which, among other things, further extended the Termination Date through and including July 19, 2021.

8. On June 24, 2021, the BSA, the UCC, and the TCC filed with the Bankruptcy Court the *Fifth Stipulation By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 179] (the "Fifth Stipulation"). On July 21, 2021, the Court approved the Fifth Stipulation, entering the *Order Approving Fifth Stipulation by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 185] (the "Order Approving Fifth Stipulation"), which, among other things, further extended the Termination Date through and including October 28, 2021.

9. On October 4, 2021, the BSA, the UCC, and the TCC filed with the Bankruptcy Court the *Notice of Sixth Stipulation By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 193] (the "Sixth Stipulation"). On November 8, 2021, the Court approved the Sixth Stipulation, entering the *Order Approving Sixth Stipulation by and Among the Boy Scouts of America, the*

*Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 199] (the "Order Approving Sixth Stipulation"). As a result, the Termination Date has now been extended through and including the date of the first omnibus hearing after the Bankruptcy Court issues its decision confirming or denying confirmation of the Plan (as defined in the Sixth Stipulation). *See* Order Approving Sixth Stipulation ¶ 1.

10. Paragraph 11 of the Consent Order, as modified and extended by the First Stipulation and Agreed Order, the Second Stipulation and Agreed Order, the Order Approving Third Stipulation, the Order Approving Fourth Stipulation, the Order Approving Fifth Stipulation, and the Order Approving Sixth Stipulation provides:

> Approximately every thirty (30) days after the entry of this Consent Order, the BSA shall file an amended Schedule 1, which will include additional Further Abuse Actions subject to this Consent Order, on the docket of the BSA's chapter 11 case; provided, however, that such schedule shall identify any plaintiff only as set forth in their complaint (by pseudonym where applicable), and by counsel to the plaintiff and the Index Number or case number of the case.

Consent Order ¶ 11.

11. Accordingly, pursuant to Paragraph 11 of the Consent Order, as modified and extended by the First Stipulation and Agreed Order, the Second Stipulation and Agreed Order, the Order Approving Third Stipulation, the Order Approving Fourth Stipulation, the Order Approving Fifth Stipulation, and the Order Approving Sixth Stipulation, the BSA hereby files and provides notice of an Amended Schedule 1 of the Consent Order attached as **Exhibit 1** hereto. Each of the Pending Abuse Actions and Further Abuse Actions, as the case may be, identified on Amended Schedule 1 are subject to the terms of the Consent Order, as modified and extended by the First Stipulation and Agreed Order, the Second Stipulation and Agreed Order, the Order Approving

Third Stipulation, the Order Approving Fourth Stipulation, the Order Approving Fifth Stipulation, and the Order Approving Sixth Stipulation including, without limitation, a stay of proceedings therein through and including the date of the first omnibus hearing after the Bankruptcy Court issues its decision confirming or denying confirmation of the Plan (as defined in the Sixth Stipulation).

12. A blackline comparing the Amended Schedule 1 to the Schedule 1 last filed [A.D.I. 224] is attached hereto as **Exhibit 2**.

| | |
|---|---|
| Dated: August 2, 2022<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Tori L. Remington*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Paige N. Topper (No. 6470)<br>Tori L. Remington (No. 6901)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@morrisnichols.com<br>　　　aremming@morrisnichols.com<br>　　　ptopper@morrisnichols.com<br>　　　tremington@morrisnichols.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: jessica.lauria@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>　　　mlinder@whitecase.com<br>　　　laura.baccash@whitecase.com<br>　　　blair.warner@whitecase.com<br><br>ATTORNEYS FOR THE DEBTORS AND<br>DEBTORS IN POSSESSION |