# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BOY SCOUTS OF AMERICA AND<br>DELAWARE BSA, LLC,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 20-10343 (LSS)<br><br>(Jointly Administered) |
| BOY SCOUTS OF AMERICA,<br><br>              Plaintiff,<br>    v.<br>A.A., *et al.*,<br><br>              Defendants. | Adv. Pro. No. 20-50527 (LSS)<br><br>**Related Adv. Docket Nos. 6, 54, 72, 77, 92, 107, 125, 135, 151, 162, 171, 175, 185, 192, 193, 199, 209, 213, 217, 221, 225, 229** |

## NOTICE OF FILING OF AMENDED SCHEDULE 2 TO CONSENT ORDER

The undersigned counsel to the Boy Scouts of America ("BSA"), the non-profit corporation that is, along with its affiliate Delaware BSA, LLC, a debtor and debtor in possession in the above-captioned chapter 11 cases (the "Debtors") hereby provides notice that:

1. On February 18, 2020 (the "Petition Date"), voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") were filed in the Bankruptcy Court by the BSA and Delaware BSA, LLC (Case No. 20-10343) (LSS) (Jointly Administered).

2. On the Petition Date, the Debtors initiated an adversary proceeding at Adv. Pro. No. 20-50527 (LSS) by filing the *Verified Complaint for Injunctive Relief* [A.D.I. 1] (the "Complaint"). In connection with the Complaint, the Debtors filed *The BSA's Motion for a*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: Boy Scouts of America (6300) and Delaware BSA, LLC (4311). The Debtors' mailing address is 1325 W. Walnut Hill Ln., Irving, Texas 75038.

*Preliminary Injunction Pursuant to Sections 105(a) and 362 of the Bankruptcy Code* [A.D.I. 6] (the "Preliminary Injunction Motion").

3. On March 30, 2020, the Bankruptcy Court entered the *Consent Order Pursuant to 11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction* [A.D.I. 54] (the "Consent Order"). The Consent Order immediately stayed through and until May 18, 2020 (as may be and has been extended, the "Termination Date") all actions identified on Schedule 1 attached thereto (the "Pending Abuse Actions") and any future actions raising substantially similar claims (the "Further Abuse Actions") as against the "BSA Related Parties" identified on Schedule 2 attached thereto. Consent Order ¶¶ 3, 7.

4. On May 18, 2020, the Bankruptcy Court entered the *Stipulation and Agreed Order By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Extending the Termination Date of the Standstill Period under the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362* [A.D.I. 72] (the "First Stipulation and Agreed Order") extending the Termination Date through and including June 8, 2020.

5. On June 9, 2020, the Bankruptcy Court entered the *Second Stipulation and Agreed Order By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 77] (the "Second Stipulation and Agreed Order"), which, among other things, further extended the Termination Date through and including November 16, 2020.

6. On October 22, 2020, the BSA, the Official Committee of Unsecured Creditors (the "UCC"), and the Official Committee of Tort Claimants (the "TCC") filed with the Bankruptcy Court the *Third Stipulation By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 107-1] (the "Third Stipulation"). On November 18, 2020, the Bankruptcy Court entered the *Order Approving Third Stipulation by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 116] (the "Order Approving Third Stipulation") which, among other things, further extended the Termination Date through and including March 19, 2021.

7. On March 8, 2021, the BSA, the UCC, and the TCC filed with the Bankruptcy Court the *Fourth Stipulation By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 151-1] (the "Fourth Stipulation"). On March 17, 2021, the Court approved the Fourth Stipulation, entering the *Order Approving Fourth Stipulation by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period*

[A.D.I. 162] (the "Order Approving Fourth Stipulation"), which, among other things, further extended the Termination Date through and including July 19, 2021.

8.  On June 24, 2021, the BSA, the UCC, and the TCC filed with the Bankruptcy Court the *Fifth Stipulation By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 179] (the "Fifth Stipulation").  On July 21, 2021, the Court approved the Fifth Stipulation, entering the *Order Approving Fifth Stipulation by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 185] (the "Order Approving Fifth Stipulation"), which, among other things, further extended the Termination Date through and including October 28, 2021.

9.  On October 4, 2021, the BSA, the UCC, and the TCC filed with the Bankruptcy Court the *Sixth Stipulation By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 193] (the "Sixth Stipulation").  On November 8, 2021, the Court approved the Sixth Stipulation, entering the *Order Approving Sixth Stipulation by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C.*

*§§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period* [A.D.I. 199] (the "Order Approving Sixth Stipulation"). As a result, the Termination Date was extended through and including the date of the first omnibus hearing after the Bankruptcy Court issued its decision confirming or denying confirmation of the Plan (as defined in the Sixth Stipulation). *See* Order Approving Sixth Stipulation ¶ 1.

10. On July 29, 2022, the Court entered and docketed its opinion in connection with confirmation of the Debtors' plan of reorganization [Bankr. D.I. 10136] (the "Opinion"). On September 8, 2022 (the "Confirmation Date"), the Court docketed and entered its Supplemental Findings of Fact and Conclusions of Law and Order Confirming the Third Modified Fifth Amended Chapter 11 Plan of Reorganization (with Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC [Bankruptcy D.I. 10316] (the "Confirmation Order"), confirming the Third Modified Fifth Amended Chapter 11 Plan of Reorganization (with Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC [Bankruptcy D.I. 10296] (the "Plan").[2]

11. Pursuant to paragraph 29 of the Confirmation Order and Article X.D of the Plan:

> All injunctions and stays arising under or entered during the Chapter 11 Cases, whether under sections 105 or 362 of the Bankruptcy Code or otherwise, and in existence on the Confirmation Date shall remain in full force and effect until the latest to occur of, as applicable: the Effective Date, the Release Date (as defined in the applicable Insurance Settlement Agreement or other settlement agreement), and the Limited Protected Party Injunction Date (which Limited Protected Party Injunction Date shall be no later than one (1) year following the Effective Date except as provided in the Settlement Trust Agreement). To the extent not otherwise in place, pending the occurrence of the Release Date (as defined in the applicable Insurance Settlement Agreement), the United Methodist Release Effective Date (as defined in the United Methodist Settlement Agreement), or other release date set forth in any other settlement agreement, any Claim that would be released or subject to the Channeling Injunction upon the occurrence of conditions set forth herein and

---

[2] Capitalized terms that are used but not otherwise defined herein shall have the meaning ascribed to such terms in the Plan.

in any applicable settlement agreement (including the occurrence of the Release Date or similar defined term (as defined in the applicable settlement agreement) shall be stayed and enjoined pending satisfaction of such conditions (the "Post-Confirmation Interim Injunction"). To the extent not otherwise in place, until the occurrence of the Limited Protected Party Injunction Date, any Claim against a Participating Chartered Organization shall be stayed and enjoined pending satisfaction of such conditions. The Post-Confirmation Interim Injunction shall permit the filing, but not the prosecution, of the Abuse Claims. The injunctions and stays referenced in this Article X.D include the preliminary injunction imposed by the *Consent Order Pursuant to 11 US.C. § 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction* entered by the Bankruptcy Court on March 30, 2020 (Adv. Pro. No. 20-50527, Docket No. 54). Solely with respect to the United Methodist Entities, the Post-Confirmation Interim Injunction shall remain in full force and effect until the earliest to occur of the United Methodist Release Effective Date or the United Methodist Release Termination Date (as those terms are defined in the United Methodist Settlement Agreement).

Because the Confirmation Date has occurred, the Post-Confirmation Interim Injunction is in effect and, among other things, extends the Termination Date until the latest to occur of, as applicable: the Effective Date, the Release Date (as defined in the applicable Insurance Settlement Agreement or other settlement agreement), and the Limited Protected Party Injunction Date with respect to Participating Chartered Organizations (which Limited Protected Party Injunction Date shall be no later than one (1) year following the Effective Date except as provided in the Settlement Trust Agreement), as set forth above.

12. Paragraph 10 of the Consent Order, as modified and extended by the First Stipulation and Agreed Order, the Second Stipulation and Agreed Order, the Order Approving Third Stipulation, the Order Approving Fourth Stipulation, the Order Approving Fifth Stipulation, and the Order Approving Sixth Stipulation provides:

> The Standstill Period shall apply to any defendant that is a BSA Related Party listed on Schedule 2 hereto and the plaintiffs in the Pending Abuse Actions and Further Abuse Actions. Additional parties may be added to Schedule 2 hereto only with consent of the BSA, the Tort Claimants' Committee and the UCC (such parties, "Additional BSA Related Parties"). Except to the extent they are included on Schedule 2 hereto, no defendant in a Pending Abuse Action or Further Abuse Action may be deemed a beneficiary of this Consent Order without written consent of the BSA, the Tort Claimants' Committee and the UCC. Within ten (10) business days of the addition of any party to Schedule 2, the BSA shall file an amended Schedule 2 on the docket of the BSA's chapter 11 case and this adversary proceeding.

Consent Order ¶ 10.

13. Accordingly, pursuant to Paragraph 10 of the Consent Order, as modified and extended by the First Stipulation and Agreed Order, the Second Stipulation and Agreed Order, the Order Approving Third Stipulation, the Order Approving Fourth Stipulation, the Order Approving Fifth Stipulation, and the Order Approving Sixth Stipulation and with the consent of the UCC and TCC, the BSA hereby files and provides notice of an Amended Schedule 2 of the Consent Order attached as **Exhibit 1** hereto. Each BSA Related Party and Additional BSA Related Parties, as the case may be, identified on Amended Schedule 2 are subject to the terms of the Consent Order, as modified and extended by the First Stipulation and Agreed Order, the Second Stipulation and Agreed Order, the Order Approving Third Stipulation, the Order Approving Fourth Stipulation, the Order Approving Fifth Stipulation, the Order Approving Sixth Stipulation, and the Confirmation Order and the Plan, including, without limitation, a stay of proceedings therein to and including the latest to occur of, as applicable: the Effective Date, the Release Date (as defined in the applicable Insurance Settlement Agreement or other settlement agreement), and the Limited Protected Party Injunction Date with respect to Participating Chartered Organizations (which Limited Protected Party Injunction Date shall be no later than one (1) year following the Effective Date except as provided in the Settlement Trust Agreement).

14. A blackline comparing the Amended Schedule 2 to the Schedule 2 last filed [A.D.I. 229] is attached hereto as **Exhibit 2**.

| | |
|---|---|
| Dated: October 3, 2022<br>Wilmington, Delaware | **MORRIS, NICHOLS, ARSHT & TUNNELL LLP**<br><br>*/s/ Sophie Rogers Churchill*<br>Derek C. Abbott (No. 3376)<br>Andrew R. Remming (No. 5120)<br>Paige N. Topper (No. 6470)<br>Sophie Rogers Churchill (No. 6905)<br>1201 North Market Street, 16th Floor<br>P.O. Box 1347<br>Wilmington, Delaware 19899-1347<br>Telephone: (302) 658-9200<br>Email: dabbott@morrisnichols.com<br>       aremming@morrisnichols.com<br>       ptopper@morrisnichols.com<br>       srchurchill@morrisnichols.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Jessica C. Lauria (admitted *pro hac vice*)<br>1221 Avenue of the Americas<br>New York, New York 10020<br>Telephone: (212) 819-8200<br>Email: jessica.lauria@whitecase.com<br><br>– and –<br><br>**WHITE & CASE LLP**<br>Michael C. Andolina (admitted *pro hac vice*)<br>Matthew E. Linder (admitted *pro hac vice*)<br>Laura E. Baccash (admitted *pro hac vice*)<br>Blair M. Warner (admitted *pro hac vice*)<br>111 South Wacker Drive<br>Chicago, Illinois 60606<br>Telephone: (312) 881-5400<br>Email: mandolina@whitecase.com<br>       mlinder@whitecase.com<br>       laura.baccash@whitecase.com<br>       blair.warner@whitecase.com<br><br>ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION |